HENRY LAVERS, Plaintiff, *v.* EDWARD F. HUTTON et al., Defendants.

Supreme Court, New York Special Term, February, 1924.

**Stockbrokers — monthly statements — account stated — interest in excess of legal rate — action for accounting dismissed.**

In an action for an accounting brought against a firm of stockbrokers with whom plaintiff's assignor had dealings covering a period of nearly two years, an account stated, if proved, is a good defense in the absence of proof of fraud or mistake.

Where the monthly detailed statements sent to plaintiff's assignor with request to examine and return them immediately if not correct, show that he was debited with interest exceeding the legal rate, the slight excess was under section 381 of the General Business Law recoverable, if at all, only on suit brought within one year.

As the plaintiff's assignor, despite the account stated, might always secure an accounting under oath, the brokers should not, in the present case, be subjected to the expense and labor of a reference and they will be granted judgment.

ACTION for an accounting.

*James S. McDonough,* for plaintiff.

*Tompkins, Metcalfe & Putsche (Millard F. Tompkins,* of counsel), for defendants.

PROSKAUER, J. Defendants are stockbrokers. Plaintiff's assignor, Robinson, was their customer between March, 1919, and December 21, 1920. He received from them monthly detailed statements bearing the legend " Please examine and return immediately if not correct." At no time did he object to their correctness. On June 5, 1919, he closed his account temporarily, received a

statement showing a balance in his favor and accepted and cashed defendants' check therefor. He reopened his account and on November 10, 1919, directed its transfer to other brokers. They received his securities and paid the balance due against him in exact accordance with a statement rendered by defendants. He again resumed business with defendants and on December 20, 1921, finally closed the account, received a statement showing the balance due to him and accepted and cashed a check for this amount. His assignee now asks an accounting.

No proof of fraud or mistake is offered. There is no suggestion of overcharge, excepting that at times, as the statements plainly showed, he was debited with interest exceeding six per cent per annum. But this slight excess he could recover, if at all, only on suit brought within one year. Gen. Business Law, § 381. He rests his case on the bald proposition that a broker must as a matter of course account in equity.

Undoubtedly the relation between customer and broker is fiduciary and the customer's proper action is for equitable accounting. But to this action a proved account stated is a good defense. Quotation by plaintiff of isolated sentences from opinions is not persuasive of the correctness of his contention to the contrary. In two of the cases cited (*Lipkien* v. *Krinski*, 192 App. Div. 257; *Baum* v. *Lamborn*, 203 id. 86) no account stated was claimed. In *Watson* v. *Gillespie*, 205 App. Div. 613, an account current showing as debits only cash drawings, was held not to be an account stated where the parties customarily put the final adjustment in a profit and loss statement. In *Haight* v. *Haight & Freese Co.*, 112 App. Div. 475, 480, the court stated: "All of these accounts upon which the defendant bases its defense were thus shown to be false upon their face."

Rendition of these unimpeached statements and the acknowledgment of their correctness constituted an account stated as conclusive as a release. After a lapse of years a broker should not, without suggestion of fraud or mistake, be subjected to the expense and labor of a reference for the sole assigned reason that the customer, despite such account stated, can always secure an accounting under oath. *Stiebel* v. *Haigney*, 134 App. Div. 516; *Slayback* v. *Alexander*, 179 id. 696; *Cohen* v. *Rothschild*, 182 id. 408; *Little* v. *McClain*, 134 id. 197.

Judgment for defendant.

Judgment accordingly.