[L. A. No. 13121.  In Bank.—March 30, 1934.]

GUY COBURN, INC. (a Corporation), Appellant, v. TIFFANY PRODUCTIONS, INC. (a Corporation) et al., Respondents.

Jerome H. Kann for Appellant.

No appearance for Respondents.

WASTE, C. J.—This is an appeal from judgment of nonsuit entered pursuant to motion of defendants at the close of plaintiff's case. Plaintiff asked an accounting of moneys received by defendants from the distribution and sale of motion picture films in which the plaintiff corporation claimed an interest by reason of the assignment to it of the beneficial rights of one of the parties, and the asserted ratification thereof and recognition of plaintiff's rights by the other original party to the contract.

The transcript was filed in this court in July, 1931, and the appellant's opening brief was filed September 12, 1931. No brief was filed on behalf of respondents, and after several extensions of time therefor, there was no further application. The plaintiff and appellant having failed to request that the case proceed in regular order, notwithstanding respondents' failure to file brief, as would have been appropriate under the circumstances, an order was issued to respondents to show cause why the judgment should not be reversed or other appropriate order made upon the appeal. On the day fixed in said order there was no appearance on behalf of respondents and no explanation has been made of the default. It is provided in section 1 of Rule V of this court that in such a situation the court may, in its discretion, decide the case upon the statement of facts contained in appellant's opening brief. In this cause an extended statement of facts seems unnecessary. ■ At the inception of the trial in the court below, attorneys for defendants and the trial judge brought to the attention of plaintiff a defect in the complaint consisting of failure to include therein an allegation that the plaintiff relied in part upon written instruments, as was then required by section 447 of the Code of Civil Procedure. In the ensuing discussion attorney for plaintiff stated: "If it is necessary to amend to that extent we would ask leave to do so," to which counsel for defendants replied: "We object to that procedure. We have been trying to find out what they were relying on. We took a deposition of the defendants [plaintiff] to try to find out what they relied on and we could not find out anything about it so we object to anything of the kind at this time." There was no ruling by the court upon the request to amend

nor the objection thereto, and it does not appear that plaintiff renewed the request or sought a ruling thereon.

There are fifteen documents attached to the record as exhibits, some of which were admitted in evidence and others marked for identification, and it seems obvious that as a matter of fact the plaintiff was relying upon written instruments to establish the cause of action; and it seems equally obvious from an inspection of the reporter's transcript that objections to evidence were predicated upon, and the rulings of the trial court were influenced largely by, plaintiff's failure to insert what was deemed by the court to be an essential allegation, under the provisions of section 447 of the Code of Civil Procedure as it then stood.

While failure to plead a cause of action may be raised at any stage of the litigation, that point was not included in the grounds of the motion for nonsuit. In view of the evidence before us, the motion for nonsuit should have been denied, and the granting thereof was error.

It may be well to here note the fact that the legislature of 1933 removed from section 447 the provision which appellant attacks herein.

The judgment is reversed and the cause remanded to the trial court with directions to proceed with the trial from the point where plaintiff rested its case.

Curtis, J., Langdon, J., Preston, J., and Shenk, J., concurred.