[Civ. No. 11327. First Appellate District, Division Two.—February 21, 1940.]

GUY COBURN, INC. (a Corporation), Appellant, v. TIFFANY PRODUCTIONS, INC. (a Corporation), et al., Respondents.

Jerome H. Kann for Appellant.

Sam Wolf, Leo Shapiro, George E. Farrand and Edward E. Tuttle for Respondents.

STURTEVANT, J.—The plaintiff commenced an action to obtain an accounting. After it had introduced its proof the trial court granted defendants' motion for a nonsuit. The plaintiff appealed and the judgment based on the motion for a nonsuit was reversed. (*Guy Coburn, Inc.,* v. *Tiffany Prod., Inc.,* 220 Cal. 418 [30 Pac. (2d) 996].) The Supreme Court remanded the action to the trial court with directions to proceed with the trial from the point where plaintiff rested its case. However, on the second trial a hearing *de novo* was had. The plaintiff introduced evidence both oral and documentary. The defendants again made a motion for a nonsuit. The motion was denied. Thereupon the defendants rested. The trial court ordered judgment for the de-

fendants. Thereafter it made a complete set of findings. In effect the findings are as follows: That the plaintiff is a corporation; that Tiffany Productions and Tiffany-Stahl Productions are both corporations; that on the 21st day of August, 1926, Harry Wurtzel, as the agent of plaintiff, assigned to Phil Goldstone Productions his motion picture rights to the book entitled ''Wild Geese''; that Phil Goldstone Productions produced the picture and Tiffany Productions, Inc., exploited and distributed it; that said picture was exhibited to the public December 3, 1927, and for a considerable period thereafter; that under the contract of assignment it was agreed that Phil Goldstone Productions would make the picture for Tiffany Productions and that the said Phil Goldstone Productions would pay to the assignor $3,850 by canceling a certain note and that it would also pay to the assignor all moneys received from Tiffany Productions; and that Tiffany Productions would pay fifty per cent of the moneys it received above the advance and sales cost. Continuing the trial court found as follows:

''The court finds that said defendants have kept true and accurate books of account showing all items of income and expense in connection with the production, exploitation and distribution of said motion picture.

''The court further finds that defendants have at all times given to plaintiff full, true and accurate reports and accounts showing all items of income and expense in connection with the production, exploitation and distribution of said motion picture.

''The court further finds that said motion picture was produced as a silent motion picture, and that shortly prior to July, 1929, talking or dialogue motion pictures were introduced and generally made and produced in the motion picture industry in lieu of silent motion pictures, and that as a result thereof, silent motion pictures became of little or no value, and it became unprofitable to further exhibit and distribute the said silent motion picture entitled 'Wild Geese'.

''The court further finds that the defendants ceased to exhibit and distribute said motion picture on or about the 13th day of July, 1929, and that full, true and correct reports and accounts showing the income and expense in connection

with the production, exploitation and distribution of said motion picture were furnished by defendants to plaintiff at regular monthly intervals covering the period to and including the said 13th day of July, 1929.

"That the defendants have received no net profit, or any profit from said picture, and that the cost of production, exploitation and distribution of said motion picture was in excess of the total of all sums received by said defendants in connection with the exploitation and distribution of said motion picture.

"The court further finds that it is not true as alleged in paragraph VI of plaintiff's amended complaint that the net profit from said motion picture was or is the sum of $30,-000.00, or any other sum whatsoever, and the court finds that it is true that there were and are no net profits resulting from the production, exploitation and distribution of said motion picture.

"The court further finds that it is true that defendants and each of them have fully kept and performed each, all and every of the terms, covenants, conditions, obligations and agreements on their part in said contract dated August 21, 1926, to be kept and performed.

"The court further finds that at the time of the filing of the within action, plaintiff was not the sole owner of or entitled to receive fifty per cent (50%) of all sums realized from the exploitation and distribution of said motion picture entitled 'Wild Geese', after deduction of actual cost of production, exploitation and distribution thereof, but that other persons not parties to this action owned certain interests therein."

■ The plaintiff says, "One who obtains the property of another for the purpose of exploiting the same and with the understanding to divide the profits has the burden of proof in an action for an accounting brought by the owner of the property." Conceding, without deciding, the soundness of that statement, the record contains nothing showing its applicability to the facts of this case. At all times the plaintiff assumed the burden of proof. No ruling was made by the trial court purporting to shift the burden of proof.

■ In its next point it claims, "The purpose of an accounting is to ascertain whether there is anything due to

plaintiff and the amount thereof, and a contention that there were no profits from the venture does not mitigate against the right of the plaintiff to a full accounting." The record does not show any ruling of the trial court to the contrary. On the other hand, the evidence shows the defendants rendered numerous accounts and that no one of them was questioned until this action was filed and at no time has the plaintiff challenged the truth of any item contained in any one of the eighteen accounts that were so rendered.

Its last point is that, "A party, vested with the legal title of ownership, is the real party in interest regardless of collateral agreements as to beneficial interests of third persons." It points to the last paragraph of the findings and contends the trial court based its judgment thereon. That finding, in view of the other findings which we have quoted, was not prejudicial. If no profits were made then the *quantum* to be accounted for was naught and neither the plaintiff nor any other person claiming to be a beneficiary could be wronged in a failure to account therefor.

When it transpired that the defendants had rendered eighteen accounts of their receipts and disbursements and that the plaintiff had received and retained them for several years without making any objection thereto, such facts *prima facie* showed stated accounts which constituted a valid defense. (1 C. J. S. 661; *Robinson* v. *Miller*, 210 App. Div. 450 [206 N. Y. Supp. 248]; *Lavers* v. *Hutton*, 122 Misc. 516 [203 N. Y. Supp. 235].) In support of the judgment we must assume the trial court based its judgment on such defense and not on the finding discussed immediately above. (2 Cal. Jur. 1028.)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 18, 1940.