DONOVAN Incorporated, a Minnesota corporation, Leonard C. Hermann and all common stockholders of Western Condensing Company, a California corporation, similarly situated, Plaintiffs,

v.

Eaton TAYLOR, and Dean Witter & Company, a California co-partnership, Defendants.

No. 34765.

United States District Court
N. D. California, S. D.

Dec. 22, 1955.

Francis McCarty, San Francisco, Cal., Bundlie, Kelley & Maun, St. Paul, Minn., of counsel, for plaintiffs.

Pillsbury, Madison & Sutro, Maurice D. L. Fuller, John B. Bates, San Francisco, Cal., for defendants.

HARRIS, District Judge.

Plaintiff, a Minnesota corporation, has brought an action for damages under Rule X–10(B) (5) of the Securities Exchange Act, 15 U.S.C.A. § 78aa. Defendants Dean Witter & Company and Eaton Taylor, a partner of Dean Witter & Company, as well as a director of Western Condensing Company, have made several motions, including a motion to dismiss and a motion for summary judgment.

The purported cause of action arises out of a stock purchase and sale transaction involving plaintiff and an unknown buyer of 100 shares of stock of Western Condensing Company. Plaintiff Donovan purchased the stock in February 1954 and sold it on April 6th of the same year. It held the stock for slightly more than six weeks.

Although the complaint originally alleged that the defendants acquired the stock through alleged deceptive practices, the uncontroverted facts now disclose that the sale was made to an unknown buyer.[1]

Defendant Taylor, as a member of the Board of Directors of Western Condensing Company, had access to all informa-

1. A summary of the affidavit of Ferdinand C. Smith, resident partner of Merrill, Lynch, Pierce, Fenner & Beane, shows that his brokerage firm received an order from the St. Paul office on March 31, 1954, to sell 100 shares of Western Condensing stock on instructions from Donovan at a low limit of 14¾. The San Francisco office on March 26, 1954, had received an order from the Los Angeles office on instructions from the third party to buy 100 shares of Western Condensing stock at 14¾. Pursuant to the buy and sell orders which coincided on March 31st, Merrill, Lynch sold to the third party at Los Angeles. This was the only transaction in Western Condensing stock, except for the original order for purchase at 11¾ on behalf of Donovan on January 20, 1954, that Merrill, Lynch had with Donovan during the period January 1, 1954, through April, 1954. No stock was sold to Dean Witter or its members.

tion pertaining to the operations of such company. In his capacity of director he knew of a company development for the manufacture of an instant soluble non-fat milk product and of the pendency of a contract between Western Condensing Company and the Carnation Company. Plaintiff alleges that defendant failed to disclose the details of this unique process of manufacture to the stockholders of Western Condensing Company and failed to inform them of the negotiations with the Carnation Company.

During plaintiff's period of asserted ignorance of company developments it sold its 100 shares at a price of $14.75 per share. Some four months later the stock sold at $26.25 per share. Plaintiff alleges that by reason of the deception of defendants in failing to disclose internal developments in Western Condensing Company it has been damaged in the amount of the difference between the price plaintiff received from the sale of its stock and the market value on the latter date.

Dean Witter and Company is named as a defendant through its role as issuing brokers for Western Condensing Company. By reason of the partnership of Eaton Taylor and Dean Witter Company the latter had knowledge of the internal developments of Western Condensing and allegedly took advantage of such knowledge to acquire or cause to be acquired plaintiff's stock at a time when it was below the market level it was to achieve.

When the present action was initiated an individual resident of Minnesota, namely Leonard C. Hermann, was joined as a plaintiff. However, through counsel, he has requested the right to withdraw from the case. Such request will be, and is, hereby, granted.

Defendants, in support of their motion for summary judgment against Donovan, Inc., the remaining plaintiff, have filed the affidavit of Ferdinand C. Smith already referred to. The affidavit establishes the fact that plaintiff's stock was sold to an unidentified person in Los Angeles and was not sold to or acquired by Dean Witter & Company or the other defendant.

Plaintiff has failed to rebut the facts set forth in this affidavit although time was allowed counsel within which to conduct an investigation with respect to the subject matter of the showing made through Smith.

Accordingly, there is no privity demonstrated between plaintiff and the defendants in the sale of the stock in question. There is no basis for plaintiff to initiate the instant suit since it has failed to state a claim for relief. Joseph v. Farnsworth Radio, etc., Corp., 2 Cir., 198 F.2d 883, affirming opinion in D.C., 99 F. Supp. 701.

The language in Rule X–10(B) (5) refers to improper conduct " 'in connection with' " and " 'upon any person.' " Such language has been construed to afford no protection to a plaintiff situated as Donovan, Inc., finds itself in the instant case. Birnbaum v. Newport Steel Corp., 2 Cir., 193 F.2d 461, 463.

Accordingly, it is ordered that the motion for summary judgment be, and the same hereby is, granted.