Charles J. ROGERS, Sr., Plaintiff,

v.

CROWN STOVE WORKS et al., Defendants.

No. 64 C 2097.

United States District Court
N. D. Illinois, E. D.

Dec. 22, 1964.

Quinn, Jacob, Barry & Latchford, by Joseph O. Kostner, Chicago, Ill., for plaintiff.

Winston, Strawn, Smith & Patternson, by Charles J. Calderini, Jr., Charles F. Marquis, and James L. Perkins, Chicago, Ill., for defendants.

CAMPBELL, Chief Judge.

Plaintiff, the owner of some 25% of the stock in the defendant corporation, is before the court seeking to enjoin the defendant corporation from selling the plaintiff's stock to discharge an indebtedness secured by a pledge of the stock in question.

The last five Counts of the Complaint do not allege an independent basis for predicating federal jurisdiction. They are, to the extent that they allege any claim against the defendant, dependent upon the first two Counts and an "ancillary jurisdiction" theory.

The first two Counts attempt to bottom jurisdiction on the Securities Act of 1933 (15 U.S.C.A. at § 77a) and following, and/or the Securities Exchange Act of 1934 (15 U.S.C.A. § 78a) and following.

Count I alleges that the Corporation's intended pledgee sale of the stock will violate Section 5 of the Securities Act (15 U.S.C.A. § 77e). Although not specifically spelled out in the Complaint, assumingly the alleged violation is the failure to file the Section's required registration statement and prospectus.

Count II alleges a violation by the Corporation of Section 10 of the Securities Exchange Act, entitled "Regulation of the Use of Manipulative and Deceptive Devices." (15 U.S.C.A. § 78j (b)). The Regulation more specifically alleged to have been violated, Regulation 240, 10 b–5, and is quoted in the Complaint as follows:

"It shall be unlawful for any person directly or indirectly, by use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(a) to employ any device, scheme, or artifice to defraud,

"(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security."

The right of a private party affected by violations of the Securities and Exchange Acts, or the Securities Exchange Act to maintain an action premised upon such violations can no longer be questioned. J. I. Case Company v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423.

However, to properly invoke federal jurisdiction under the Securities Acts the complaint must be one,

" * * * brought to enforce any liability or duty created by * * " the appropriate Act (§§ 77v(a) and 78aa of Title 15.)

The applicability of the Acts, said the Supreme Court in speaking about the § 77d exemptions to the Securities Act,

" * * * should turn on whether the particular class of persons affected needs the protection of the Act." S.E.C. v. Ralston Purina Company, 346 U.S. 119, reading from page 125, 73 S.Ct. 981, page 984, 97 L.Ed. 1494.

█ To maintain a Securities Act action and properly invoke federal jurisdiction absent diversity of citizenship, the plaintiff must be within that category of persons sought to be protected by the provisions of the Act; one who sustained or could sustain damages directly resulting from violations sought to be proscribed by the Act.

█ Assuming without deciding the existence of the violation alleged in Count I of the instant Complaint, the plaintiff can hardly be said to be affected by such a violation. Admittedly he may be adversely affected by the proposed sale, should the sellers realize less than the stock's actual value, however, the violations upon which jurisdiction is totally dependent could in no way cause or in any way relate to the adverse effect plaintiff seeks to avoid. For that matter, Count V of plaintiff's Complaint alleges the value of his stock to be " * * * in excess of $200,000."

Count IV, in commenting on the pledge agreement makes reference to plaintiff's " * * * alleged indebtedness of $30,-000."

Accepting the in-excess of $200,000 value ascribed by plaintiff's Complaint, it becomes obvious that the Securities Act would not be violated unless the sale price of the stock to an uninformed investor exceeded such an amount. Parenthetically I might observe that such a sale would certainly be to plaintiff's benefit and not his detriment.

The acknowledged purpose of the Securities Act and even more specifically its § 77e registration requirement,

" * * * is to protect investors by promoting full disclosure of information thought necessary to informed investment decisions,"

and I am citing S. E. C. v. Ralston Purina, 346 U.S. 119, and I am reading from page 124, 73 S.Ct. 981, page 984.

Plaintiff is the owner of the stock to be sold and not an investor. Moreover, even assuming a dual involvement by the plaintiff which could be brought about by his bidding at the auction sale, he would still be an investor possessed "of information thought necessary to informed investment decisions."

It is apparent that plaintiff is not, and for that matter can not, under the circumstances pleaded in the Complaint, be a party adversely affected by the alleged Act violation. I cite Textron Incorporated v. American Woolen Company, D.C., 122 F.Supp. 305, one of the many authorities which neither party has referred to in their brief, so-called.

█ The Securities Exchange Act also has as its purpose the protection of investors by the prevention of fiduciary relationship abuses involving sharp practices and fraudulent schemes by owners, directors or officers of a corporation in the taking of short term profits. Peoples Securities Company v. S. E. C., 5 Cir., 289 F.2d 268.

█ Not only is the plaintiff not an investor intended to be protected by the Act, but the Complaint's Count II allegation that the Notice of Public Sale failed to promulgate financial and other sundry information about the corporation hardly amounts to a claim under the Act that any of the corporate officers, directors or shareholders breached a fiduciary duty and in so doing realized a personal short term profit.

There being no allegation of fraud alleged against individual defendants and no showing of any damages to the plaintiff, and more importantly there being no alleged violation, in my opinion, of the Securities Exchange Act, the Count fails in its attempt to properly plead federal jurisdiction. I cite Donovan, Inc. v. Taylor, D.C., 136 F.Supp. 552; Beury v. Beury, D.C., 127 F.Supp. 786.

I conclude therefore that the statutes pleaded afford no protection to the plain-

tiff under the facts set out in his Complaint. I do not, however, preclude or prejudice the right of the Securities Exchange Commission or any affected party, should such a right arise, to bring an appropriate action alleging the sale in question to be violative of the Securities or Securities Exchange Act.

Having determined that the plaintiff does not have the right to invoke the jurisdiction of this court under the pleaded provisions of Title 15, I need not and do not reach or consider the issues raised by defendant, including its Claimed § 77d exemption status.

The temporary restraining order heretofore entered is accordingly vacated and dissolved, and the Complaint is hereby dismissed for want of jurisdiction.