AMERICAN DISTILLING COMPANY, Appellant, and CRAFTSMEN FINANCE & MORTGAGE Co., INC., Intervener, Respondent, *v.* RUSSELL R. BROWN, Respondent.

Argued October 3, 1945; decided December 6, 1945.

*Eugene A. Sherpick, Harold R. Medina, William Gilbert* and *Richard T. Davis* for appellant.   I. The courts of this State have jurisdiction over suits brought under section 16, subdivision (b), of the Securities Exchange Act of 1934.  (*Hauben v. Morris,* 255 App. Div. 35, 281 N. Y. 652; *Elliott v. Steinfeldt,* 254 App. Div. 739.)   II. Every principle of statutory construction requires that jurisdiction in a section 16, subdivision (b), proceeding be. governed by the specific jurisdictional provisions set forth in that section and not by the general provisions of section 27.  (*People v. Ahearn,* 196 N. Y. 221; *People ex rel. Knoblauch v. Warden,* 216 N. Y. 154; *United States v. Chase,* 135 U. S. 255; *Ginsberg & Sons v. Popkin,* 285 U. S. 204; *Wright v. Securities and Exchange Commission,* 112 F. 2d 89.)   III. The act (48 Stat. 896) in the matter of the jurisdiction of suits, clearly makes a distinction between those suits which must be brought by the Securities and Exchange Commission and those which must be brought by private citizens.

*William G. Mulligan* and *Milton Kaplan* for defendant-respondent.   I. The parties litigant do not dispute the meaning of section 27, which is a part of the same title in which section 16 appears, and on the face of the statute it is plain that the Federal courts have exclusive jurisdiction.   The mandate in section 27 vesting exclusive jurisdiction in the Federal courts is a specific provision which controls the general comprehensive reference to choice of forum in section 16, subdivision (b).  (*United States v. Chase,* 135 U. S. 255; *Deckert v. Independence Corp.,* 311 U. S. 282.)   II. Only by recognizing exclusive Federal jurisdiction according to the plain meaning of section 27 can the jurisdictional provision of that section be given any effect at all.  (*Lockerty v. Phillips,* 319 U. S. 182; *Wright v. Securities and Exchange Commission,* 112 F. 2d 89; *Carpenter v. Danforth,* 52 Barb. 581; *Von Au v. Magenheimer,* 126 App. Div. 257, 196 N. Y. 510; *Pennsylvania Co. for Insurances v. Deckert,* 123 F. 2d 979.)   III. The legislative history of the act shows that Congress intended to confer on the Federal courts exclusive jurisdiction over private rights of action including actions under section 16, subdivision (b).

*Milton Pollack* for plaintiff-intervener, respondent.

*Roger S. Foster, Louis Loss* and *Arden L. Andresen* for Securities and Exchange Commission, *amicus curiæ,* in support of respondent's position. I. The New York Supreme Court is not a " court of competent jurisdiction " within the meaning of section 16, subdivision (b). (*Deckert* v. *Independence Corp.,* 311 U. S. 282; *Reynolds* v. *Enterprise Transportation and Transit Co.,* 85 N. E. 110.)

THACHER, J. This is an action brought in the Supreme Court of the State by the plaintiff corporation to recover from the defendant, one of its officers and directors, profits alleged to have been realized by him from purchases and sales of plaintiff's common stock within periods less than six months. Plaintiff's right to recover is predicated upon section 16, subdivision (b), of the Act of Congress of June 6, 1934 (48 U. S. Stat. 896; U. S. Code, tit. 15, § 78p, subd. [b]), known as " Securities Exchange Act of 1934." This section creates the right of the issuer of securities to recover such profits from its officers and directors and provides: " Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer ". Section 27 of the same Act (U. S. Code, tit. 15, § 78aa) confers upon the Federal courts exclusive jurisdiction " of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder." Section 27 also fixes the venue of such suits in the Federal courts.

In the courts below the suit was dismissed, upon defendant's motion, for lack of jurisdiction, two Justices dissenting in the Appellate Division.

The controversy arises from the apparent inconsistency between the express provisions of section 16, subdivision (b), authorizing suits in " any court of competent jurisdiction ", and the provision of section 27, conferring upon the Federal courts exclusive jurisdiction " of all suits in equity and actions at law brought to enforce any liability or duty created by this title ", language which in terms comprehends the liabilities created by section 16, subdivision (b), of the Act, and by other sections of the Act which also create new liabilities and grant to private suitors the right to enforce them " in any court of competent jurisdiction ". (See § 9, subd. [e], and § 18, subd. [a] of the Act.)

But this inconsistency is more apparent than real. The phrase "in any court of competent jurisdiction" does not *proprio vigore* include or exclude any court but leaves to determination elsewhere the question of competent jurisdiction and, if sections 16, subdivision (b), 9, subdivision (e), and 18, subdivision (a), are read with section 27, it is quite clear that the latter section, if it is to have any force, withholds from the State courts jurisdiction to entertain suits to enforce liabilities created by the Act. Nor does this conclusion denude the phrase in section 16, subdivision (b), relating to jurisdiction, of all meaning, for it still has application to courts within the Federal system some of which would have jurisdiction to entertain the lawsuit and some of which would not.

This literal reading of the Federal statute is shown to be its intended meaning by the debates in both Houses of Congress before its final passage upon a conference report. From these debates it appears that exclusive jurisdiction in the Federal courts was intended by the provisions of the House bill. Section 26 of the House bill, which finally emerged as section 27 of the Act, was expressly amended by the insertion of the word "exclusive" so that it might have that effect. The bill was considered as reported by the Committee on Interstate and Foreign Commerce. Mr. Rayburn, the Chairman of that Committee, proposed the amendment providing exclusive jurisdiction in the Federal courts and in so doing stated: "Mr. Chairman, I have only this to say — that we thought the bill as drawn meant exclusive, but in order that it may be entirely clear we offer this amendment." (78 Cong. Rec., part 8, p. 8099.) When the bill passed the House it did not contain provisions such as those contained in section 16 of the Act; it did however contain in section 8, subdivision (e), provisions which were subsequently enacted in section 9, subdivision (e), and also in section 17 provisions which were enacted in section 18 of the Act. These provisions contained the same clause as section 16, subdivision (b), providing for suit "in any court of competent jurisdiction".

When the bill was considered in the Senate the question of exclusive or non-exclusive jurisdiction in the Federal courts was debated and the word "exclusive" in section 27 was omitted with deliberate purpose to throw the question into

conference with the House. The following relates to that section (78 Cong. Rec., part 8, p. 8571):

" Mr. Steiwer. Mr. President, may I have the attention of the Senator from Florida and the Senator from South Carolina respecting one or two clarifying amendments? I shall not as yet offer the amendments, but on page 51, in line 11, in the section of the bill which provides jurisdiction of offenses and suits, we find, commencing with line 9, the language as follows:

" The District Courts of the United States, and the United States courts of any Territory, and the Supreme Court of the District of Columbia shall have jurisdiction of violations of this act —

" And so forth.

" I have no personal interest in the matter, but it is my recollection that it was the intention of the committee to give to the Federal district courts exclusive jurisdiction of violations under the act, and if that is the purpose of the committee it has not been effectuated by the language used. Am I wrong in that recollection? ˙

" Mr. Fletcher. There was no such intention; the intention was just to the contrary. The committee did not feel like limiting the jurisdiction to the Federal courts.

" Mr. Steiwer. In other words, the purpose of the committee was to give jurisdiction either to the Federal court or to the State courts of general jurisdiction?

" Mr. Fletcher. Yes.

" Mr. Byrnes. May I say to the Senator from Oregon that the language in the bill is the same as that in the Securities Act of 1933. The House bill provides for exclusive jurisdiction in United States courts. If the Senate provision is adopted, the matter may then be considered in conference.

" Mr. Steiwer. I have no objection to make concerning it. I will say, though, that my own recollection was contrary to the advice I am now receiving."

When the Senate and House bills went to conference, Senators Fletcher and Byrnes participated as members of the Conference Committee. The conferees agreed to incorporate the House provision for exclusive jurisdiction and to add the provisions of section 16 which had its origin in the Senate.

It was thus enacted. The fact that section 27 is not irreconcilable with section 16, subdivision (b), and the legislative purpose disclosed by the proceedings in Congress constrain us to conclude that the statute did not confer jurisdiction upon the courts below to entertain this action.

The judgment should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur; MEDALIE, J., taking no part.

Judgment affirmed.