Ella Fischer BEURY and John Farr Simons; Winifred F. Beury; Susannah Beury Keller; James P. Beury, Jr.; and Emily Beury Widmann, Plaintiffs,

v.

William BEURY, Samuel G. Wygal and William L. Osborne, William Martz Beury and John Beury Gallaudet, Virginia P. Fox Beury, The Algoma Coal and Coke Company, The Virginia B. Coal Company, Wyborn Coal Company, Bluestone Coal Corporation, and Eureka Contracting Company, Defendants. No. 411.

United States District Court,
S. D. West Virginia,
Bluefield Division.

Nov. 30, 1954.

Steptoe & Johnson, Stanley C. Morris, Edward W. Eardley, Charleston, W. Va., Scarborough & Harris, Arthur R. Harris, Edwin P. Rome, Philadelphia, Pa., for plaintiffs.

Richardson, Hudgins & Hancock, George Richardson, Jr., Bluefield, W. Va., Sanders & Sanders, Joseph M. Sanders, Bluefield, W. Va., Crockett & Tutwiler, Joseph M. Crockett, Welch, W. Va., for defendants.

MOORE, Chief District Judge.

This is a stockholders' derivative action. The complaint contains a series of allegations of acts of the defendants individually and as officers and directors of various corporations, also joined as defendants, which plaintiffs say constitute a conspiracy and fraud perpetrated upon them to their great damage. Plaintiffs are citizens of Pennsylvania and New Jersey. Defendant William Martz Beury is a citizen of Maryland; John Beury Gallaudet is a citizen of California; and all other defendants are citizens of West Virginia. All defendants have filed original and amended motions to dismiss the complaint.

Certain particular allegations of fraud will be recited in dealing with the first ground of the motion of defendants William Martz Beury and John Beury Gallaudet. Plaintiffs allege that the Court has jurisdiction under the provisions of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78a et seq., and Rule X–10B–5 of the Securities Exchange Commission, promulgated thereunder.

The original motion of the defendants other than William Martz Beury and John Beury Gallaudet is based on the single ground of lack of venue, because (the motion alleges) the action was not instituted in the district wherein all the plaintiffs or all the defendants reside. The original motion to dismiss filed by defendants William Martz Beury and John Beury Gallaudet is based, first, on the ground that process was not served upon them in West Virginia but in Maryland and California respectively, and secondly on the same contention of lack of venue. The amended motions to dismiss state additional grounds which are the same as to all defendants. These additional grounds are, first, that the facts alleged in certain paragraphs of the complaint are contrary to the true facts; and defendants file affidavits in support of that statement; secondly, that insofar as the complaint alleges a violation of the Securities Exchange Act of 1934 and the Securities Exchange Commission's Rule X–10B–5 thereunder, it fails to state a claim upon which relief can be granted.

The venue question will be first considered.

It is here noted that the complaint alleges that the various individual plaintiffs and the various individual defendants are "residents" of different States, but there is no allegation that they are citizens of different States. I am assuming for the purposes of this opin-

ion, upon the basis of conferences with counsel, that the citizenship is the same in each case as the residence, and that proper amendment of the complaint will be made to set forth that fact. This gives jurisdiction. Tit. 28 U.S.C.A. § 1332.

The question of venue is determined by the construction of Section 1391 of Title 28 United States Code Annotated, dealing with venue generally, as enlarged by Section 1401 of the same Title dealing with stockholders' derivative actions such as this is.

By the terms of Section 1391, "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside." While it is true that the complaint contains allegations that the action arises under certain sections of the Securities Exchange Act of 1934 and one of the Rules of the Securities Exchange Commission promulgated thereunder, the decision of the Court with reference to the motion of defendants William Martz Beury and John Beury Gallaudet to dismiss the complaint, hereinafter announced, disposes of that contention of plaintiffs; and although not intended by plaintiffs, it now appears that the action is founded solely on diversity of citizenship.

We therefore turn to Section 1401, which defines the territorial jurisdiction of district courts in stockholders' derivative actions. This section authorizes venue in any district wherein the corporation on whose behalf the action is brought might have sued the same defendants.

Obviously, if this were an ordinary diversity suit between or among individuals, it could not be brought in the Southern District of West Virginia, since neither all the plaintiffs nor all the defendants reside in this district. However, given the jurisdictional right to sue the same defendants, the corporation on whose behalf the suit is brought, namely, The Algoma Coal and Coke Company, might have sued these defendants in the Southern District of West Virginia, since that is the district of its own residence for federal venue purposes.

There is some diversity of authority in a situation such as this, but the better reasoning sustains the proposition that this court has venue of the action. Montro Corp. v. Prindle, D.C., 105 F.Supp. 460; Saltzman v. Birrell, D.C., 78 F.Supp. 778. See also, Lavin v. Lavin, 2 Cir., 182 F.2d 870, 18 A.L.R. 2d 1017; Greenberg v. Giannini, 2 Cir., 140 F.2d 550, 152 A.L.R. 966; Tucker v. New Orleans Laundries, Inc., D.C., 90 F.Supp. 290. Contra, Schoen v. Mountain Producers Corporation, 3 Cir., 170 F.2d 707, 5 A.L.R.2d 1226.

The motion of the defendants other than William Martz Beury and John Beury Gallaudet to dismiss the complaint for lack of venue will be denied.

As ground for the allegation that the action arises under the Securities Exchange Act of 1934, plaintiffs set up in their complaint two stock transactions which they say were accomplished by manipulative and deceptive devices and contrivances, and by use of the mails and other instrumentalities of interstate commerce, in violation of the Securities Exchange Act of 1934, and one of the Rules of the Securities Exchange Commission. The Rule alleged to have been violated reads as follows:

Rule X–10B–5:

"It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,

"(1) to employ any device, scheme, or artifice to defraud,

(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

"(3) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security."

The stock transactions referred to are alleged to have consisted of the purchase by The Algoma Coal and Coke Company, through defendant William Beury as President, of $5,000 of stock in defendant Eureka Contracting Company, and $20,000 of stock in defendant Bluestone Coal Corporation. It is alleged that William Beury misled the plaintiffs by stating subsequently to the purchase of the Eureka stock that it was worthless and, in company with defendant John Beury Gallaudet, by concealing from plaintiffs the name of the corporation in whose stock $20,000 was invested, which corporation was later found to be defendant Bluestone Coal Corporation.

■ It is also alleged in the complaint that a loan of at least $70,000 was made "by William Beury as President of Algoma * * * to William Beury as President of Bluestone * * ". I am of opinion that the $70,000 loan cannot be considered to be a transaction in securities within the meaning of the Securities Exchange Act of 1934. Moreover, no damage is alleged to have resulted to anyone because of this loan.

Further allegations of the complaint are to the effect that the acts of fraud and conspiracy on the part of the individual defendants consisted in their having so manipulated the affairs of The Algoma Coal and Coke Company, by reason of their having possession or control of the majority of its capital stock, that opportunities for business profit which should have gone to The Algoma Coal and Coke Company were diverted to defendants Bluestone Coal Corporation and Eureka Contracting Company, as well as to defendants The Virginia B. Coal Company and Wyborn Coal Company, all of which companies are alleged to have been incorporated by the individual defendants for the purpose of securing profits to themselves at the expense of the plaintiff stockholders of The Algoma Coal and Coke Company. It is alleged that these other corporations operated at a substantial profit from the time of their incorporation to the date of the suit, and that the individual defendants' manipulations have caused Algoma to operate at a substantially lower profit in those years in which it earned any profit, and have caused it to operate at a loss during the years 1951 and 1952.

■ To bring an action for damages caused by fraudulent conduct in the purchase or sale of stocks or securities with in the jurisdiction of a federal court on other than diversity grounds, the action must be one to enforce some liability or duty created by the Securities Exchange Act of 1934 or the Rules and Regulations thereunder. The Act provides, Title 15 U.S.C.A. § 78aa, that federal courts "shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."

■ I am aware that some federal courts have entertained civil actions somewhat similar to the present suit, see Fratt v. Robinson, 9 Cir., 203 F.2d 627, 37 A.L.R.2d 636; Robinson v. Difford, D.C., 92 F.Supp. 145, in which jurisdiction was invoked under the Securities Exchange Act of 1934; but these courts have apparently not considered closely the language of the Act which confers this jurisdiction. It surely cannot be gainsaid that a right of action exists at common law to recover damages for fraud. This right is not affected by the fact that the fraud may be perpetrated in connection with the purchase or sale of a stock or security. Congress could hardly have intended to withdraw from the jurisdiction of the state courts all actions for fraud wherein purchases or sales of securities might be involved. It is clear, however, that such jurisdiction as is given by the Act is an exclusive jurisdiction; that is, one which state courts are not permitted to

exercise. Bearing in mind that the civil jurisdiction is also narrowly restricted to those "suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.", I conclude that the only reasonable construction of this statute is that it confers exclusive civil jurisdiction on federal courts to entertain only those actions which involve some right of recovery which goes beyond those common law rights which might have been fully adjudicated and enforced by appropriate action in a state court, (or in a federal court on grounds of diversity of citizenship) before the Securities Exchange Act of 1934 was passed.

█ Finding in the complaint no allegations setting forth any violations of duty or any liabilities which were created by the Securities Exchange Act of 1934 or the Rules and Regulations thereunder, as distinguished from liabilities and duties which existed at common law, I am of opinion that this action cannot be maintained under the Securities Exchange Act.

Moreover, I am of opinion that the allegations of the bill, insofar as the stock purchases are concerned, do not show any damage to plaintiffs by reason of any fraud which they allege against the individual defendants. On the contrary, it is clear from these allegations that plaintiffs now find themselves in a better financial position by reason of these stock purchases than if they had not been made.

It is argued in plaintiffs' brief that the stock purchases were part of a general scheme to defraud them by the diverting of business opportunities from the Algoma Coal and Coke Company to the other companies. This argument recoils upon itself. Whatever profits may have been realized by the other companies by the enjoyment of business opportunities diverted from the Algoma Coal and Coke Company were shared by plaintiffs as stockholders of the latter company to the extent of the right to participation which accrued to it by

reason of the purchase of the stocks. Plaintiffs do not allege any circumstances from which one could infer that the purchase of these stocks operated in any way to deceive them with reference to the other alleged elements of fraud and conspiracy.

For these reasons also I think this suit cannot be maintained under the Securities Exchange Act of 1934.

█ It does not follow that the action will be dismissed as to defendants William Martz Beury and John Beury Gallaudet. The motions to dismiss will be treated as motions to quash the service of process and as so treated the original and amended motions of these two defendants will be sustained. The extraterritorial service of process on them was invalid under Rule 4(f), Rules of Civil Procedure, 28 U.S.C.A. Of course, if proper service is later obtained, this action may proceed as to these two defendants also.

An appropriate order may be submitted.