Isidor Wasservogel,
Spec. Eef. Plaintiffs seek to recover the sum of approximately $21,000 as damages, on the ground that they were fraudulently induced by defendants to purchase 15,000 shares of stock in a corporation known as Burma Mines, Ltd. Plaintiffs also seek the apparently inconsistent relief of rescission, not in the alternative, but in conjunction with their demand for damages.
The record shows that in or about April and May, 1956, plaintiff John S. Mekrut (hereinafter referred to as “Mekrut”) made three separate purchases of the stock of Burma Mines, Ltd., in the following amounts and prices: 2,000 shares at 92% cents per share; 5,000 shares at $1 per share; 8,000 shares at $1.13% per share. Thus, it appears that Mekrut made an aggregate investment of approximately $16,200, including commissions paid on these purchases. It is plaintiffs’ contention that the following alleged fraudulent representations were made to Mekrut by defendants in order to induce him to purchase this stock:
1. Burma Mines, Ltd., was a good common stock which could be bought at approximately 87% cents per share, a low price in proportion to its worth.
2. The stock would rise in value to between $2 to $3 per share by July 1, 1956, and would further rise in value to between $3 to $6 per share by the end of 1956.
3. The corporate defendant, A. J. G-ould & Co., Inc., was one of the oldest security firms in New York City.
4. A. J. Could & Co., Inc., had some “ inside information” concerning this stock issued by ‘ ‘ one of the largest silver mining companies in the world.”
5. Burma Mines, Ltd., had a good dividend record and that its earning report in the future would be so good that the stock would go up in price.
6. Only certain individuals (including Mekrut) were being contacted by the corporate defendant to buy a limited number of shares of this stock.
*328 Before considering these alleged fraudulent representations, it- is to be noted that it is well-established law that a mere statement of opinion is not a basis for an action sounding in fraud (Benz v. Kaderbeck, 241 App. Div. 583). Thus, even a cursory examination of these alleged misrepresentations that the stock was “ a good common stock” that could be bought “ at a low price in proportion to its worth ” and that the “ stock would rise in value ” are statements of opinion upon which an action for fraud may not be predicated.
In order to recover a judgment for fraud, a plaintiff must ordinarily plead and prove five essential elements, to wit, a material representation by defendant, the falsity thereof, scienter, deception and injury (Reno v. Bull, 226 N. Y. 546, 550; Ochs v. Woods, 221 N. Y. 335, 338). An examination of the record establishes that plaintiffs have failed to prove almost all of these requisites. Furthermore, in the opinion of the court, nothing in the record warrants the conclusion that Mekrut relied on any of the alleged fraudulent representations which can be deemed material to this action. Whether or not the corporate defendant was one of the oldest security firms in New York City is not material to the issues. The securities purchased by Mekrut were listed and traded on the American Stock Exchange. Therefore, the financial history and dividend record of this company was readily available to plaintiffs through many sources and brokers other than defendants. Moreover, not only have plaintiffs failed to prove that the material representations concerning the stock were false, but the proof adduced upon the trial clearly establishes that the stock, in fact, did rise in value after the purchase by Mekrut and that he did receive a dividend thereon.
With respect to the defendant Koff, a salesman for the corporate defendant, the credible testimony shows that he had only one telephone conversation with Mekrut on April 24, 1956, as a result of which Mekrut ordered 2,000 shares of Burma Mines, Ltd. Mekrut knew at this time that Koff was only a salesman, or at best, an agent of the corporate defendant. Plaintiffs have failed to prove that Koff was aware that any of the information he allegedly gave Mekrut was false. On the contrary, Koff’s good faith and his own reliance on the information concerning the stock here involved is borne out by the fact that he, himself, purchased 1,000 shares thereof at approximately the same time he advised Mekrut to do so. This clearly refutes plaintiffs’ charge that Koff knew that the alleged representations concerning the securities of Burma Mines, Ltd., were false or fraudulent and absolves him of the charges made by plain *329 tiffs (Kountze v. Kennedy, 147 N. Y. 124, 129; Doyle v. Chatham & Phenix Nat. Bank, 253 N. Y. 369, 377; Lassiter v. Rellstab Associates, 1A D 2d 672).
With regard to the defendant Fisher, the credible testimony and documentary evidence indicates that, at best, Fisher was only involved with Mekrut’s purchase of 5,000 shares of stock, inasmuch as the record shows that Koff sold him the first 2,000 shares and one Henderson, a salesman not a party to this action, made the final sale of 8,000 shares. As in the ease of Koff, Fisher’s expressions of opinion and “ puffing ” do not constitute actionable fraud. Moreover, Mekrut’s testimony, whereby he sought to link Fisher with the alleged fraudulent representations, was both vague and inconsistent. Mekrut gave at least three different versions of his purported conversation with Fisher on May 21,1956, each of which fails to sustain plaintiffs’ burden of proof in this action.
Mekrut’s protestations as to his innocence, gullibility and reliance upon defendants’ alleged representations are not corroborated by the proof. The record establishes that Mekrut had previous stock market experience and dealings in securities. Thus, he is not the naive investor he apparently wishes the court to believe him to be. In any event, assuming arguendo, that the alleged material representations were made by defendants, plaintiffs, nevertheless, have failed to show that either Koff or Fisher were not justified in expressing their optimism concerning the stock at the times Mekrut made his purchases or that they were aware of the falsity of the statements they made to Mekrut.
The rules of law require proof to a reasonable degree of certainty as to each of the five requisites necessary to establish a cause of action sounding in fraud (Arthur v. Griswold, 55 N. Y. 400, 410). Fraud will not be presumed and must be established in an action for damages (Lowendahl v. Baltimore & Ohio R. R. Co., 247 App. Div. 144, 158, affd. 272 N. Y. 360; Titterington v. Colvin, 270 N. Y. 321). This, plaintiffs failed to do. Accordingly, plaintiffs’ first cause of action sounding in fraud and the third cause of action for rescission must be dismissed.
Plaintiffs have alleged that at the time of the purchases by Mekrut, the corporate defendant failed to comply with the capital requirements of the Federal Securities & Exchange Commission (IT. S. Code, tit. 15, § 78h). Even if there was merit to such allegation, this court is without power to render a judgment thereon, inasmuch as section 78aa of said title confers exclusive jurisdiction in the Federal courts of any action *330 predicated on a violation of the Securities Exchange Act (American Distilling Co. v. Brown, 295 N. Y. 36; Beury v. Beury, 127 F. Supp. 786).
In their second cause of action, plaintiffs seek damages against defendants for the failure to execute Mekrut’s stop-loss order at $1 per share. In no event can any of the individual defendants be held liable for the corporate defendant’s negligence to honor such order. I find, however, that the evidence establishes that the corporate defendant received such order from Mekrut but that it negligently failed to sell the stock pursuant thereto. The record shows that the bid price for such stock at the time of trial was 31 cents per share. The difference between this bid price and the stop-loss order of $1 per share, to wit, 69 cents per share, is deemed to be the measure of damages for the corporate defendant’s failure to sell the 15,000 shares of Burma Mines, Ltd., purchased by Mekrut. Such damages, therefore, amount to $10,350. . Plaintiffs’ prayer for relief in the amended complaint, however, limits recovery thereon to $9,900.
Judgment is rendered in favor of defendants Koff, Fisher and G-ould, individually, dismissing, the complaint upon the merits.
Judgment is rendered in favor of the corporate defendant dismissing the first and third causes of action, upon the merits.
Judgment is rendered in favor of plaintiffs against the corporate defendant only, on the second cause of action for the sum of $9,900, with interest thereon from the date of trial.
No costs are awarded. Submit decree within 10 days on three days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.