G. Robert Witmer, J.
Defendants have moved to strike the third, fourth, fifth and sixth causes of action from plaintiff’s complaint. In the first cause of action plaintiff has sued defendants for damages for fraudulently inducing plaintiff to purchase certain stock, and in the second cause of action plaintiff seeks to rescind such sale and to secure the return of the purchase price.
The third cause of action is grounded on subdivision (2) of section 12 of the Securities Act of 1933 (U. S. Code, tit. 15, § 771,- subd. [2]), which creates civil liability in a person who sells securities through the use of untrue interstate communications, and in such cause of action the plaintiff seeks judgment for the amount of the price paid for the stock. The fourth cause of action is based upon subdivision (a) of section 17 of said Securities Act of 1933 (U. S. Code, tit. 15, § 77q, subd. [a]). That section makes it unlawful to obtain money by misleading statements or conduct in the sale of securities. Subdivision (a) of section 22 of said act (U. S. Code, tit. 15, § 77v, subd. [a]) provides that the District Courts of the United States shall have jurisdiction of offenses and violations under this title and, concurrently with State courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this title.
By express provision, thus, the State courts have concurrent jurisdiction of the third and fourth causes of action. Whether or not the fourth cause of action is subject to any other motion because the statute on which it is based is prohibitory in nature *417 and may create no liability is not presently before the court. (As to possible implied liability, see 3 Loss, Securities Regulation, p. 2006, and n. 9.)
The fifth cause of action is founded on section 206 of the Investment' Advisers Act of 1940 (U. S. Code, tit. 15, § 80b-6) which makes it unlawful for any investment adviser by use of the mails or other interstate commerce to defraud a client. Section 214 of that act (U. S. Code, tit. 15, § 80b-14) grants jurisdiction of violations of this subchapter to the District Courts of the United States, and, “ concurrently with State * * * courts, of all suits in equity to enjoin any violation ” thereof. Since this is not a cause of action in equity to enjoin a violation of said section, this court has no jurisdiction of it.
Plaintiff urges that since section 44 of the Investment Company Act of 1940 (U. S. Code, tit. 15, § 80a-43) grants jurisdiction to State courts in actions at law for its violation, and it was passed and became effective at the same time as the Investment Advisers Act, the omission in the latter must have been inadvertent and should be judicially supplied. The court cannot accept this argument but must assume that Congress intentionally differentiated as to courts for enforcement of rights under the two acts.
The sixth cause of action is based upon subdivision (b) of section 10 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78j, subd. [b]), making it unlawful to use any instrument of interstate commerce to deceive in effecting a sale of securities. By section 27 of said act the Federal courts are given exclusive jurisdiction in all suits in equity or actions at law brought thereunder. (American Distilling Co. v. Brown, 295 N. Y. 36.)
The motion to dismiss is, therefore, granted as to the fifth and sixth causes of action, and denied as to the third and fourth causes of action.