MERWIN MITCHELL, Plaintiff, *v.* BACHE & Co., INCORPORATED, Defendant.

Civil Court of the City of New York, New York County, September 28, 1966.

*Frank R. Greenberg* for defendant. *Aaron Shapiro* for plaintiff.

ARNOLD L. FEIN, J. The indorsed complaint alleges: "Action to recover the sum of $4,123.83, which amount represents a loss sustained by the plaintiff, on whose behalf, defendant purchased, on or about August 14, 1961, on margin, 300 shares Belock Instrument Co., and which were improperly and unlawfully held and sold by the defendant, as a result of which plaintiff sustained the aforementioned damages."

Plaintiff's amended bill of particulars dated May 20, 1966, states: "5. Shares were unlawfully and improperly retained by the defendant in that payment thereon was due within four (4) days and no later than seven (7) days from the date of confirmation of sale. Beyond the seven (7) day period, the defendant had no legal right to demand or accept from the plaintiff any monies in connection with said securities and was under an obligation and duty to cancel and/or liquidate the transaction. The defendant violated Regulation T of the Board of Governors of the Federal Reserve System issued pursuant to the Securities Exchange Act of 1934. Also regulations contained in Federal Reserve Bulletin 1940, 772."

Defendant moves to dismiss upon the ground that this court does not have subject matter jurisdiction, asserting that section 27 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78aa) confers exclusive jurisdiction on the District Courts of the United States of causes of action under the act and the rules and regulations issued thereunder.

Subdivision (a) of section 7 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78g) directs the Board of Governors of the Federal Reserve System to prescribe from time to time rules and regulations with respect to the amount of credit that may be initially extended and maintained with respect to the purchase or carrying of securities. Regulation T, "Credit by Brokers, Dealers, and Members of National Security Exchanges" (Code Fed. Reg., tit. 12, § 220), as amended effective August 7, 1961, states it is "issued by the Board of Governors of the Federal System pursuant to the Securities Exchange Act of 1934, particularly sections 7, 8(a) thereof (48 Stat. 886, 888; 15 U. S. C. 78g, 78h(a) )".

Plaintiff's cause of action appears to be grounded upon defendant's alleged violation of section 220.4 ( subd. [c], par. [2]) of Regulation T, which provides: "In case a customer purchases a security (other than an exempted security) in the special cash account and does not make full cash payment for the security within 7 days after the date on which the security is so purchased, the creditor shall * * * promptly cancel or otherwise liquidate the transaction or the unsettled portion thereof."

Plaintiff's reference to four days in his bill of particulars appears to refer to subdivision (b) of section 220.3 of Regulation T which does not seem applicable.

The affirmation of plaintiff's attorney, in opposition to the motion alleges that the gist of plaintiff's complaint is defendant's violation of its duty to plaintiff to sell certain securities it purchased on plaintiff's behalf. Plaintiff having failed to pay for the stock within seven days, Regulation T required defendant to cancel the sale and liquidate the transaction. Plaintiff allegedly sustained damage because defendant (1) waited six months to sell the stock; (2) sold it for substantially less than the original purchase price; and (3) compelled plaintiff " under duress " and by means of " promises " to pay defendant the amount of the loss. In light of the allegation that plaintiff paid the amount of the loss to defendant it is difficult to see how plaintiff has a cause of action under the Federal statute and regulations. However such defense is neither tendered by the pleadings nor urged on this motion and is therefore not reached or considered. As pleaded the cause of action is for alleged violation of Federal Reserve Board Regulation T.

Section 27 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78aa) provides: " The district courts of the United States * * * shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.''

Nothing in the Securities Exchange Act of 1934 expressly creates a cause of action by a purchaser of stock on margin against his broker when the broker violates the statute or the regulations thereunder limiting the amount of credit which may be extended or the time within which the purchase must be cancelled if full payment is not made. The statute provides only that noncompliance constitutes a violation of law and subjects the broker to appropriate criminal penalties. (Securities Exchange Act of 1934, § 32, U. S. Code, tit. 15, § 78ff.)

However, the Federal courts have implied a civil remedy similar to that pleaded here, for violations of section 7 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78g) under which Regulation T and similar regulations have been promulgated. (*Cooper* v. *North Jersey Trust Co. of Ridgewood*, 226 F. Supp. 972; *Goldenberg* v. *Bache & Co.*, 270 F. 2d 675; *Smith* v. *Bear*, 237 F. 2d 79; *Meisel* v. *North Jersey Trust Co.*, 218 F. Supp. 274; *Remar* v. *Clayton Securities Corp.*, 81 F. Supp. 1014.) These cases, all cited by plaintiff, establish that a civil cause of action

similar to that pleaded here, cognizable in the Federal courts, has been implied from the statute. But that has nothing to do with concurrent State court jurisdiction.

The courts of this State have uniformly held that causes of action created by or arising out of violations of the Securities Exchange Act of 1934, are exclusively vested in the Federal courts, unlike causes of action created by or arising under the Securities Act of 1933 (U. S. Code, tit. 15, § 77a *et seq.*) and the Investment Company Act of 1940 (U. S. Code, tit. 15, § 80a-1 *et seq.*). Thus, despite the provision in section 16 of subdivision (b) of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78p), conferring jurisdiction on " any court of competent jurisdiction " over a civil action to recover short swing profits, it has been held that section 27 of the Act (U. S. Code, tit. 15, § 78aa), conferring exclusive jurisdiction on the Federal courts, makes clear that the only competent court is a Federal court (*American Distilling Co.* v. *Brown,* 295 N. Y. 36, relying on the legislative history). The rule has been uniformly followed. (*Mekrut* v. *Gould,* 16 Misc 2d 326; *Malkan* v. *General Transistor Corp.,* 27 Misc 2d 677; *White* v. *Ludwig,* 32 Misc 2d 120; *Newman* v. *Baldwin,* 13 Misc 2d 898, 901 and *Levine* v. *Silverman,* 43 Misc 2d 415, which compares the Acts of 1933, 1934 and 1940, noting the express differences in language with respect to the courts on which jurisdiction is conferred).

Even though a Federal holding that there is concurrent State jurisdiction would not be controlling, the Federal authorities are uniform, even those cited by plaintiff, that jurisdiction is exclusively Federal. Thus, in *Cooper* v. *North Jersey Trust Co.* (*supra*) it was held there was exclusive Federal jurisdiction of the causes of action brought under the Act of 1934, and that the court would retain jurisdiction of the non-Federal claims even though service of process was extra-territorial under section 27 of the act. If there was concurrent State jurisdiction, the court would have been required to dismiss all the causes of action. Similarly in *Goldenberg* v. *Bache* (*supra*) although the court described the action as one either *ex contractu* or *ex delicto,* it applied the Statute of Limitations set forth in the Act of 1934, which would not be applicable if the action were a common-law action, cognizable in the State court.

The point is best made in *Beury* v. *Beury* (127 F. Supp. 786, 789–790): " It is clear, however, that such jurisdiction as is given by the Act is an exclusive jurisdiction; that is, one which state courts are not permitted to exercise. Bearing in mind that the civil jurisdiction is also narrowly restricted to those ' suits in equity and actions at law brought to enforce any liability or

duty created by this chapter or the rules and regulations thereunder ', I conclude that the only reasonable construction of this statute is that it confers exclusive civil jurisdiction on federal courts to entertain only those actions which involve some right of recovery which goes beyond those common law rights which might have been fully adjudicated and enforced by appropriate action in a state court, (or in a federal court on grounds of diversity of citizenship) before the Securities Exchange Act of 1934 was passed.''

Obviously the theory of action here pleaded had no legal foundation prior to enactment of the 1934 act. Plaintiff's cause of action does not spring from the common law of contract or tort but is rather '' to enforce a liability or duty directly created by the Securities Exchange Act '' (*Remar* v. *Clayton Securities Corp.*, 81 F. Supp. 1014, 1017).

Accordingly, defendant's motion to dismiss must be granted on the face of the complaint and the bill of particulars.

However, the affirmation of plaintiff's attorney in opposition to the motion seems to indicate that a common-law action, cognizable in this court, to recover the moneys paid by plaintiff to defendant to make good the loss sustained by the defendant in the allegedly belated sale, may be available, founded on economic duress, fraud, breach of contract or money had and received.

It is immaterial that the motion was made long after the case was placed on the Trial Calendar. A motion to dismiss for lack of subject matter jurisdiction may be made at any time. (CPLR 3211, subds. [a], [e].)

The motion to dismiss is granted but with leave to the plaintiff to serve an amended complaint, if so advised, within 20 days after service of a copy of this order with notice of entry.