Donald H. Mead, J.
Defendants, in separate motions, move pursuant to subdivision (a) of CPLR 3211 to dismiss the several causes of action alleged in plaintiff’s complaint upon the grounds (1) the court has no jurisdiction of the subject matter of the alleged first and second causes of action because exclusive jurisdiction of the subject matter thereof is vested in the District Courts of the United States, and (2) the second cause of action attempted to be alleged in the complaint fails to state a cause of action.
Plaintiff, in her first cause of action, alleges that defendants were engaged in the business of effecting transactions in securities for their own account as brokers and dealers under the Securities Exchange Act of 1934, as amended (U. S. Code, tit. 15, §§ 78a-78jj); that defendant Pearne W. Billings from about August 2, 1956 until about November 3, 1964, and both defendants from about September 1, 1957 until about September 25, 1963, were entrusted by plaintiff with cash and securities in a discretionary account to hold, invest and reinvest, with the object of preserving their value and providing the plaintiff *662 with an appropriate income. The complaint thereupon alleges that defendants were subject to certain provisions of the Securities Exchange Act of 1934 as amended (U. S. Code, tit. 15, § 78a et seq.) and the regulations promulgated thereunder, setting forth specifically section 15 (subd, [c], par. [1]) of the Securities Exchange Act (U. S. Code, tit. 15, § 780, subd. [c], par. [1]); subdivision (b) of section 10 (U. S. Code, tit. 15, § 78j, subd. [b]); rule 15ci-2 of the Rules of the Securities and Exchange Commission (Code of Fed. Reg., tit. 17, § 240.15cl-2); subdivision (a) of rule 15cl-7 (Code of Fed. Reg., tit. 17, § 240.15el-7, subd. [a]), and rule 10b-5 (Code of Fed. Reg., tit. 17, § 240,lQb-5). Plaintiff further alleges, in paragraph “8” of her complaint in the first cause of action, that defendants, in violation of said statutory and regulatory provisions, committed and performed certain enumerated acts of misfeasance and malfeasance resulting in damages to plaintiff in the sum of $100,000.
Plaintiff, in her second cause of action, realleges paragraphs “ 1 ” through “ 6 ” of her complaint, except paragraph “ 4 ” thereof, which alleges that ‘ ‘ defendants were engaged in the business of effecting transactions in securities for their own account as brokers and dealers under the Securities Exchange Act of 1934, as amended (15 U. S. C. sec. 78a-78jj.) ” Plaintiff, in said second cause of action, thereupon continuing, in paragraph “ 11 ” of said complaint, realleges the identical acts of alleged wrongdoing on the part of defendants as were alleged in her first cause of action set forth in paragraph “ 8 ” of said complaint. In the final paragraph of the complaint (par. “ 12 ”) plaintiff alleges that by reason of the breach of defendants’ duties to plaintiff and their failure to exercise their special skill and competence, plaintiff has been damaged in the sum of $100,000. In her prayer for relief, plaintiff seeks damages in the sum of $100,000 upon each cause of action.
Plaintiff contends, with reference to defendants’ motions, addressed to the first cause of action, that notwithstanding the alleged claimed violations on the part of defendants of the statutory and regulatory provisions of the Securities Exchange Act of 1934, the complaint nevertheless spells out a cause of action based on the violation of a common-law duty owed by defendants to plaintiff which may be instituted in the State courts, and that the references to the provisions of the act and the regulations thereunder were pleaded as establishing the standards of care by which that duty is to be measured.
With reference to the second cause of action, which makes no mention of the Securities Exchange Act of 1934, plaintiff contends that it is intended to plead an alternative cause of *663 action and although it is based upon the same wrongful acts on the part of defendants as are alleged in the first cause of action, it emphasizes that defendants represented themselves and held themselves out as having special skill and competence to invest funds. That by failing to exercise their skill and competence in that they “churned” plaintiff’s account, took secret profits and invested in speculative stocks, plaintiff was damaged in the sum demanded in her complaint.
Section 27 of the Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78aa) provides: “The district courts of the United States, the United States District Court for the District of Columbia, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder. Any criminal proceeding may be brought in the district wherein any act or transaction constituting the violation occurred. Any suit or action to enforce any liability or duty created by this title or rules and regulations thereunder, or to enjoin any violation of such title or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found. Judgments and decrees so rendered shall be subject to review as provided in sections 128 and 240 of the Judicial Code, as amended (U.S.C., title 28, secs. 225 and 347). No costs shall be assessed for or against the Commission in any proceeding under this title brought by or against it in the Supreme Court or such other courts.”
Subdivision (a) of section 28 of the act (U. S. Code, tit. 15, § 78bb, subd. [a]) provides in part: “ The rights and remedies provided by this title shall be in addition to any and all other rights and remedies that may exist at law or in equity; but no person permitted to maintain a suit for damages under the provisions of this title shall recover, through satisfaction of judgment in one or more actions, a total amount in excess of his actual damages on account of the act complained of.”
Thus, the statute provides that the rights and remedies thereunder shall be in addition to any and all other, rights and remedies that may exist at law or in equity but section 27 of the act ‘ ‘ fixes the venue of such suits in the Federal courts. ’ ’ (American Distilling Co. v. Brown, 295 N. Y. 36, 39.) In dis *664 cussing the affirmance by the Appellate Division of the Special Term order dismissing the plaintiff’s complaint for lack of jurisdiction wherein two justices dissented, Thacher, J., writing for affirmance in the Court of Appeals in American Distilling Co., stated that the controversy arose from apparent inconsistencies between certain provisions of the act (e.g., § 16, subd. '[U]; § 9, subd. [e], and § 18, subd. [a] of the act) which preserved to private suitors the right to enforce the statutory provisions in ‘ ‘ any court of competent jurisdiction ’ ’ and section 27, which confers upon the Federal courts exclusive jurisdiction “ of all suits in equity and actions at law brought to enforce any liability or duty created by this title.” The court stated (p. 40):
‘ ‘ But this inconsistency is more apparent than real. The phrase ‘ in any court of competent jurisdiction ’ does not proprio vigore include or exclude any court but leaves to determination elsewhere the question of competent jurisdiction and, if sections 16, subdivision (b), 9, subdivision (e), and 18, subdivision (a), are read with section 27, it is quite clear that the latter section, if it is to have any force, withholds from the State courts jurisdiction to entertain suits to enforce liabilities created by the Act. Nor does this conclusion denude the phrase in section 16, subdivision (b), relating to jurisdiction, of all meaning, for it still has application to courts within the Federal system some of which would have jurisdiction to entertain the lawsuit and some of which would not.
“ This literal reading of the Federal statute is shown to be its intended meaning by the debates in both Houses of Congress before its final passage upon a conference report.”
In conclusion, the court stated (p. 42): “The fact that section 27 is not irreconcilable with section 16, subdivision (b), and the legislative purpose disclosed by the proceeding in Congress constrain us to conclude that the statute did not confer jurisdiction upon the courts below to entertain this action.”
For other New York cases holding that suits to enforce liabilities or duties created by the Securities Exchange Act of 1934 fall within the exclusive jurisdiction of the Federal courts by virtue of section 27 of the act, see, e.g., Gallo v. Mayer (50 Misc 2d 385), Levine v. Silverman (43 Misc 2d 415), White v. Ludwig (32 Misc 2d 120) and Mekrut v. Gould (16 Misc 2d 326). This is not meant to suggest that it was the intent of Congress, in enacting the statute in question, to pre-empt common-law rights which might have been fully adjudicated and enforced in a State court before the act was passed. A more likely construction of the statute is that it confers exclusive juris *665 diction on Federal courts to entertain only those actions which involve some right of recovery which goes beyond such common-law rights. (Beury v. Beury, 127 F. Supp. 786, 788.) Both State and Federal courts recognize that a common-law action giving rise to a private civil remedy enforeible in the State courts may arise out of violations of the provisions of the act as, for example, an action for fraud (Vine v. Beneficial Finance Co., 252 F. Supp. 212; Ellis v. Carter, 291 F. 2d 270); a contract action (Gallo v. Mayer, 50 Misc 2d 385, supra) ; breach of joint venture agreement and for impression of a trust (Wolfson v. Blumberg, 229 F. Supp. 191). However, it should be pointed out that where the complaint seeks a recovery based upon a liability created by the statute or arising from a breach of some duty imposed by the act, as is here charged in the first cause of action, so as to give rise to the exclusive jurisdiction of the Federal courts, the Federal courts may nevertheless exercise jurisdiction of any non-Federal claims “ pendent ” to its jurisdiction of the statutory claim. (Ellis v. Carter, 291 F. 2d 270, 271, supra; Errion v. Connell, 236 F. 2d 447; Wolfson v. Blumberg, 229 F. Supp. 191, supra, and cases therein cited; Wood v. Precise-Vac-U-Tronic, 192 F. Supp. 619; Hurn v. Oursler, 289 U. S. 238.)
This is particularly true where it is made to appear that the statutory and common-law claims are closely related, involving substantial overlapping of proof and where the several claims merely seek different relief on basically the same facts. In considering the sufficiency of the complaint and jurisdictional questions thereunder we must look to the allegations set forth in the pleading. Certainly, in the first cause of action, the allegations charge the defendants with violations of provisions of the act and regulations promulgated thereunder so as to bring that cause of action squarely within the exclusive jurisdiction provisions of the statute. No other cause of action is clearly alleged or suggested within the framework of the pleading. Professor Loss stated in volume 2 of his work on “Securities Regulation” (p. 993), in commenting on implied private remedies under Securities Exchange Commission proxy rules: “ If a private right of action is to be recognized at all under the proxy rules, it seems more reasonable than not to apply the same provision on jurisdiction, venue and service. And the very fact that the provision gives exclusive jurisdiction to the federal courts militates against the conclusion that the state courts are required to recognize a right of action for violation of the proxy rules as a matter of state law, if indeed it does not prevent them from doing so altogether.”
*666 Again, in discussing jurisdiction and venue in civil and criminal actions, Professor Loss, in volume 3 (pp. 2005-2006) of the same work, stated:
“All the SEC acts give the United States District Courts jurisdiction over actions, civil and criminal, thereunder. This is ‘ irrespective of the amount in controversy or the citizenship of the parties.’ In addition, the state courts are given concurrent jurisdiction over private actions under all the statutes except the Exchange Act.
“ Section 27 of the Exchange Act is unique in giving the District Courts ‘ exclusive jurisdiction of violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder.’ We have already noticed the absence of any explanation for this treatment in the legislative history. And we have also considered, in the context of the proxy rules, the extent to which the state courts may and should nevertheless entertain, as a matter of state tort law, actions which are based on violations of the Exchange Act, or consider such violations by way of defense or replication in actions based on state law. Everything there said with respect to the proxy rules is equally applicable in principle to actions based on Rule 10b-5 or any other provision or rule for whose violation the Exchange Act expressly provides no private remedy. At any rate, it is clear that no state court has jurisdiction over any of the actions expressly created by the Exchange Act. And, as we have earlier concluded, § 27 should likewise he considered to deprive the state courts of jurisdiction if a plaintiff were to allege a violation of a provision or rule for which the act creates no express liability, at least if he were to plead not on the theory of a state tort arising out of the federal violation but on the theory of a federal tort.” (Emphasis, in part, added.)
Obviously, then, actions seeking redress for such violations are within the exclusive jurisdiction of the Federal courts (American Distilling Co. v. Brown, 295 N. Y. 36, supra; Securities Exchange Act of 1934, § 27 [U. S. Code, tit. 15, § 78aa]; and Loss, Securities Regulation [2d ed.], supra) and for that reason the motions to dismiss the first cause of action are granted, without costs, for lack of jurisdiction.
We turn now to the motions to dismiss the second cause of action on the ground that it fails to state a cause of action. Nowhere in the second cause of action is there any reference to the Federal act or regulation promulgated thereunder not *667 withstanding the fact that the alleged acts of wrongdoing on the part of defendants are identical to those charged in the first cause of action. However, the specific acts of wrongdoing charged to defendants in this cause of action (par. “ 11 ”) must be read in connection with paragraph “ 10,” the first portion of paragraph “11” and paragraph “12” of plaintiff’s complaint which allege in substance that defendants represented and held themselves out as having special skill and competence to invest and reinvest funds (par. “10”). That plaintiff entrusted cash and securities to defendants in reliance thereon (par. “ 10 ”) and that defendants “ breached their duties to plaintiff and failed to exercise their special skill and competence in the investment of such cash and securities by ’ ’ committing the specific acts of wrongdoing therein set forth (par. “ 11 ”). That “ by reason of such breach of defendants’ duties and their failure to exercise their special skill and competence, plaintiff has been damaged * * *.” (par. “ 12 ”).
Defendants contend that the court is without jurisdiction to entertain the action since the alleged acts of dereliction on the part of defendants aré the same acts charged in the first cause of action and if there is any merit to the allegations, they constitute, at best, violations of the act and the regulations thereunder which fall within the exclusive jurisdiction of the Federal courts. We do not agree with this argument. As has already been pointed out, the rights and remedies provided by the Securities Exchange Act of 1934 “ shall be in addition to any and all other rights and remedies that may exist at law or in equity ” (U. S. Code, tit. 15, § 78bb, subd. [a]; and cases heretofore cited),
As a further argument, defendants urge that, assuming the plaintiff has a private rémedy which may be asserted in the State courts, the complaint fails to properly plead a cause of action since it fails to allege the essential elements of any recognizable cause of action of which this court has jurisdiction. Defendants further contend that they aré unable to determine from the pleading whether plaintiff is seeking to assert a cause of action at law in contract, in tort (e.g., common-law fraud, negligence, breach of trust or fiduciary relationship), or in equity (e.g., accounting, injunctive relief), In plaintiff’s brief submitted in opposition to the motions, counsel for plaintiff cites cases brought to recover damages for breach of fiduciary relationship; negligence by defendant in the handling of plaintiff’s account; fraud; breach of duty on the part of agents, as *668 well as causes in equity for an accounting. In plaintiff’s brief, counsel .states: “ The cases thus suggest that liability is predicated upon negligence or intentional violation of duties arising out of the principal-agent relationship and that the action is for damages. On the other hand, there has been some suggestion that because the relationship gives rise to fiduciary duties the proper action is for an equitable accounting. Lavers v. Hutton, 122 Misc. 516; 203 N. Y. S. 235 (Sup. Ct. 1924); Bennett v. Hungate, 291 Fed. 895, (S.D.N.Y. 1922), (per Learned Hand).”
Upon oral argument plaintiff’s counsel more or less conceded that he was not certain of the precise nature or form of the cause of action sought to be pleaded in the second cause. Certainly, a defendant should not be left to speculate as to the nature of the alleged claim being made against him. He has a right to know, so as to be able to adequately prepare his defenses thereto as they may relate specifically to the material elements of the cause of action pleaded. For example, if the cause of action is one based upon misrepresentation, fraud, mistake, willful default or breach of trust, the circumstances constituting the wrong shall be stated in detail (CPLR 3016, subd. [b]).
The court is not unmindful of the fact that technicalities of the rules of pleading have been somewhat relaxed by the Civil Practice Law and Rules (CPLR 3013), nor of the fact that defendants may move to make the complaint more definite and certain (CPLR 3024). However, this relaxation is not meant to suggest that all essential forms of pleading are to be discarded. CPLR 3013 provides: “ Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or .series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.” (Emphasis supplied.)
As the court said, in Shapolsky v. Shapolsky (22 A D 2d 91): “ CPLR 3013 is less exacting in its requirements for pleading than was section 241 of the Civil Practice Act. Under the present law a pleading is sufficient if it gives ‘ the court and parties notice of the transactions ’ on which the plaintiff relies and sets forth the ‘ material elements of each cause of action ’. However, it is still essential, despite the liberalization, that the pleading enable the defendant to determine the nature of the plaintiff’s grievances and the relief he seeks in consequence of the alleged wrongs.” (Emphasis supplied.)
We do not believe that this requirement has been fulfilled by plaintiff.
Accordingly, the motions to dismiss the second cause of action are likewise granted, without costs, and the complaint dismissed *669 in its entirety, with leave to the plaintiff to replead the alleged second cause of action with sufficient particularity to show fully the exact basis and the material elements thereof, if she be so advised, within 20 days of the date of service of a copy of the order herein, with notice of entry thereon.