[No. 24-40375-2. Division Two. January 20, 1970.]

HERRON NORTHWEST, INCORPORATED, *Respondent,* v. MERLYN E. DANSKIN *et al., Appellants.*

*Arthur & Hanley* and *Terence Hanley,* for appellants.

*Riddell, Williams, Voorhees, Ivie & Bullitt* and *Robert Ivie,* for respondent.

**REVIEW GRANTED BY SUPREME COURT.**

PETRIE, J.—Plaintiff seeks to recover from defendant the

differential between the price of 1,700 shares of General Dynamics purchased on July 14, 1966, and the price of the same stock certificates sold on July 26, 1966.

Defendant appeals from a judgment in favor of plaintiff in the sum of $12,337.83, entered on July 17, 1967.

Before exploring the merits of the appeal, we deem it necessary to question the jurisdiction of the state courts to entertain this cause of action — a question which, unfortunately, was not considered by the trial court.

So far as necessary for a determination of this question, plaintiff's complaint alleged as follows:

### III.

On July 14, 1966 defendant Merlyn E. Danskin purchased 1700 shares of common stock of General Dynamics Corporation, for a total of $91,428.73, through plaintiff. Despite demand therefor, defendants and each of them failed and refused to pay for the said capital stock *within the time required under federal regulations.*

### IV.

That on July 26, 1966, *pursuant to agreement with defendant* Merlyn E. Danskin, the said 1700 shares of General Dynamics Corporation stock were sold by plaintiff, from which sale the sum of $79,090.90 was realized. That the sum of $12,337.83 is therefore due and owing to plaintiff by defendants. That defendants have refused to pay the said sum to plaintiff, despite demand therefor.

(Italics ours.)

We note at the outset that the specific "federal regulations" relied upon by plaintiff are not set forth with any particularity. However, it is apparent that plaintiff is relying upon regulations (designated Regulation T) promulgated by the Board of Governors of the Federal Reserve System pursuant to § 7(a) of the Security and Exchange Act of 1934 (15 U.S.C. § 78g), controlling the amount of credit which may be extended by brokers to purchasers of corporate stock certificates subject to the Exchange Act.

Section 27 of the Exchange Act, however, confers *exclusive* jurisdiction upon the district courts of the United

States "of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder." (15 U.S.C. § 78aa.)

If, therefore, plaintiff has cast its action to enforce a liability or duty *created* by the Exchange Act, exclusive jurisdiction lies in the federal judiciary and its complaint must be dismissed. On the other hand, if plaintiff has merely alleged a common law cause of action, available prior to enactment of the Exchange Act, state courts may entertain the cause. *American Distilling Co. v. Brown,* 295 N.Y. 36, 64 N.E.2d 347, 165 A.L.R. 1228 (1945); *McCollum v. Billings,* 53 Misc. 2d 661, 279 N.Y.S.2d 609 (1967). *See also Pan American Petroleum Corp. v. Superior Court,* 336 U.S. 656, 6 L. Ed. 2d 584, 81 S. Ct. 1303 (1961).

Plaintiff asserts that its case is based on a common law cause of action independent of any federal statute; and that reference to "federal regulations" in paragraph 3 of its complaint merely had a peripheral relationship to the cause of action, limiting the time within which the defendant might pay for the stock but not otherwise defining or shaping the contractual relationship between the parties. We view the federal regulations as having a more significant role in shaping the contract.

A pertinent portion of Regulation T provides:

(2) In case a customer purchases a security . . . in the special cash account and does not make full cash payment for the security within 7 days after the date on which the security is so purchased, the creditor [broker] shall . . . promptly cancel or otherwise liquidate the transaction of the unsettled portion thereof.

Regulation T, § 4(c) (2) (12 CFR § 220.4(c).)

It seems apparent that Regulation T not only requires the purchaser to pay for the stock within 7 days of the purchase, but also clothes the broker with authority — indeed, the duty — to sell or otherwise liquidate the stock in the event of nonpayment. By authority of this regulation an act of the broker, which would ordinarily constitute a

conversion of his principal's property, becomes a legally mandated act.

Thus, paragraph 3 of the plaintiff's complaint, so far as it relies upon Regulation T, attempts to enforce a duty created by the Exchange Act. The Congress of the United States has seen fit to limit jurisdiction in such matters solely to the federal judiciary. If such were the full extent of plaintiff's complaint, we should be obliged to remand the matter to the superior court with instruction to dismiss the complaint.

However, by paragraph 4 of the complaint, plaintiff has alleged alternatively that the stock certificates were sold on July 26, 1966 "pursuant to agreement with defendant Merlyn E. Danskin." Such a pleading obviously does not rely upon a liability or duty created by the Exchange Act. It is merely an attempt to enforce a right recognizable in the state courts prior to enactment of the Exchange Act and prior to promulgation of Regulation T.

■ As we view the pleadings, therefore, plaintiff has pleaded two separate causes of action in the alternative within one count, one of which must be dismissed and the other of which may properly be entertained by state courts. Such pleading technique is permissible under CR 8(e) (2).

The difficulty with the present posture of the appeal lies in the fact that the trial court made no finding of fact concerning any alleged agreement between the parties to sell the stock certificates on July 26, 1966. Indeed, under the then status of the pleadings such a finding was unnecessary, simply because the plaintiff relied upon the effect of Regulation T. The evidence in the record on this point is conflicting.

Ordinarily, under such a state of the record, we would remand the matter to the trial court with instructions to make a finding on that specific issue. However, we note the recent well earned retirement of the learned trial judge before whom the case was tried. It would be inappropriate to ask another judge to make such a finding based simply

on a review of the cold record. Accordingly, we deem it necessary to remand this matter for retrial within the confines of the reconstituted status of the pleadings.

It is so ordered.

ARMSTRONG, C. J., and PEARSON, J., concur.