■ MELVIN LAUFER, Respondent, v L. F. ROTHSCHILD, UNTERBERG, TOWBIN, Also Known as L. F. ROTHSCHILD & Co., INC., Defendant, and SPEAR, LEEDS & KELLOGG, INVESTORS

COMPANY, et al., Appellants.—In an action to recover damages, *inter alia,* for fraud in connection with the purchase of certain stock options on the American Stock Exchange, the defendants Spear, Leeds & Kellogg, Investors Company and Ron Scher appeal from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated March 18, 1988, as denied those branches of their motion which were to dismiss various causes of action in the complaint insofar as they were asserted against them.

Ordered that the order is modified, on the law, by deleting the provision which denied those branches of the appellants' motion which were to dismiss the fifth, sixth, eighth, ninth, tenth and eleventh causes of action insofar as they were asserted against them, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff seeks to recover both compensatory and punitive damages based upon various theories arising from an October 20, 1987 transaction on the American Stock Exchange. Specifically, the defendant L. F. Rothschild, Unterberg, Towbin, also known as L. F. Rothschild & Co. Inc. (hereinafter LFR), purporting to act on behalf of the plaintiff, allegedly purchased from the appellants Spear, Leeds & Kellogg, Investors Company and Ron Scher, known as market specialists, 90 stock options (9,000 shares) at a price of $28 per share, for an aggregate purchase price of $252,000. In the complaint, the plaintiff alleged, in pertinent part, that "LFR's purchase of these options at this price was not authorized by" him, and that in quoting and offering these options for sale to LFR at the indicated price, the appellants committed fraud, breached their "fiduciary duty", and violated various rules of the American Stock Exchange and the rules of the National Association of Securities Dealers, Inc. (hereinafter NASD).

The Supreme Court, in relevant part, denied those branches of the appellants' motion which were to dismiss the fifth, sixth, seventh, eighth, ninth and tenth causes of action which were asserted solely against them, and the eleventh and twelfth causes of action insofar as they were asserted against them.

We agree with the appellants' contention that the fifth, sixth, eighth, ninth and tenth causes of action must be dismissed because the court lacks subject matter jurisdiction as to those claims (CPLR 3211 [a] [2]). These causes of action allege, either directly or indirectly, violations of the rules of

the American Stock Exchange and/or NASD. These rules were promulgated pursuant to Securities Exchange Act of 1934 §§ 6 and 15A (b) (15 USC §§ 78f, 78o-3 [b]). Accordingly, pursuant to Securities Exchange Act of 1934 § 27 (15 USC § 78aa), the Federal courts have exclusive jurisdiction of these claims relating to the alleged violation of the rules in question *(see also, American Distilling Co. v Brown,* 295 NY 36; *Levine v Silverman,* 43 Misc 2d 415, 417). We therefore need not reach the issue of whether the allegations therein otherwise constitute valid causes of action.

Further, in the eleventh cause of action, the plaintiff sets forth no basis for his claim that the appellants "wrongfully sold" him the options. Therefore, this cause of action insofar as asserted against the appellants should have been dismissed on the ground that it failed to state a cause of action *(see,* CPLR 3211 [a] [7]).

However, contrary to the appellants' contentions, we find that the plaintiff is not barred from maintaining a cause of action to recover damages for fraud based on State common-law fraud with regard to the challenged stock transaction *(see, Pierce v Ellis & Co.,* 62 Misc 2d 771; *McCollum v Billings,* 53 Misc 2d 661, 665; *Mitchell v Bache & Co.,* 52 Misc 2d 985, 989) and the allegations in the seventh cause of action are sufficient to withstand a motion to dismiss for failure to state a cause of action sounding in fraud.

Finally, we note that the request for punitive damages was erroneously set forth separately in the twelfth cause of action. Nevertheless, that cause of action insofar as asserted against the appellants need not be stricken. Rather, "[t]he relief sought * * * should be deemed part of the prayer for damages" in the seventh cause of action *(Goldberg v New York Times,* 66 AD2d 718; *Knibbs v Wagner,* 14 AD2d 987; *see also, Green v Leibowitz,* 118 AD2d 756, 758). Mangano, J. P., Brown, Lawrence and Harwood, JJ., concur.