Per Curiam.

The question here is whether there is a right of action to recover damages by a tenant of premises subject to the Rent Stabilization Law (Local Laws, 1969, No. 16 of City of New York), who removes therefrom when, in violation of the law, he is refused a renewal lease upon landlord’s statement made in bad faith that he requires possession for his personal use.
The applicable rule under the rent control laws was succinctly stated in Drinkhouse v. Parka Corp. (3 N Y 2d 82, 88): “ Without a provision granting damages for the removal of a statutory tenant there is no remedy, and, where such a statute exists, the remedy can be only that which the statute prescribes.”
Under the rent control laws — residential, business and commercial— a tenant who surrendered the premises prior to landlord’s threatened eviction proceeding had no right of action, because the statutory provision giving such right for a wrongful eviction was held to be exclusive (Rosner v. Textile Binding & Trimming Co., 300 N. Y. 319; see, also, David v. Fayman, 273 App. Div. 408, affd. 298 N. Y. 669).
There is no express provision in the Rent Stabilization Law granting tenants any right of action for damages, either for a wrongful eviction or for a surrender of the premises under threat or fraudulent inducement.
However, the Rent Stabilization Law represents a departure from the standard rent control system. Modelled after the Federal Securities Exchange Act (U. S. Code, tit. 15, § 78a et seq.), with the regulation of security dealers being left to an association of members of the industry, it was said to constitute a “ new and imaginative * * * statutory mechanism” bringing the Real Estate Industry Stabilization Association into *744 an ‘ ‘ active role of regulative responsibility ’ ’ through, a code approved by the Housing and Development Administration (8200 Realty Corp. v. Lindsay, 27 N Y 2d 124, 132).
Although the Securities Exchange Act contains only three explicit private civil liability sections, the courts have held that a violation of dealer association rules by a member may give rise to a liability enforceable. by civil action. In determining that question, the courts look to the nature of the particular rule and its place in the regulatory scheme, “ judicial recognition and enforcement of a private remedy not expressly afforded by the Securities Exchange Act [being] predicated on the duty of the courts ‘ to make effective the congressional purpose ’ represented in 1 the statute and the federal policy which it has adopted. J. I. Case Co. v. Borak, 377 U. S. 426, 433 ” (Colonial Realty Corp. v. Bache & Co., 358 F. 2d 178, 181).
It is clear that allegations directed at engaging in fraudulent conduct in connection with the sale or purchase of securities or in a fraudulent course of business in violation of association "rules give rise to an implied private right of action, since that is consistent with the Federal regulatory scheme (Mercury Investment Co. v. A. G. Edwards & Sons, 295 F. Supp. 1160, 1163; Hecht v. Harris, Upham & Co., 283 F. Supp. 417, 430-431; Buttrey v. Merrill, Lynch, Pierce, Fenner & Smith, 410 F. 2d 135).
The Bent Stabilization Law (Administrative Code of City of New York, § YY51-1.0 et seq.) provides in paragraph (9) of subdivision c of section YY51-6.0 that 11 an owner shall not refuse to renew a lease except * * * on specified grounds set forth in the code approved by the housing and development administration consistent with the purpose of this law. ’ ’ Section 54 of the code sets forth the specified exceptions, subdivision (b) thereof being when the “ owner seeks in good faith to recover possession of a dwelling unit for his own personal use and occupancy ”.
In becoming a member of the Beal Estate Industry Stabilization Association of New York City, Inc., landlord agreed “ to abide by its codes respecting rents and conditions of tenancy, operations and maintenance of apartment buildings.”
There is, therefore, good reason and sound precedent for holding that the cases under the rent control laws are not applicable and that, as the Federal courts have held with regard to the similar Federal plan of an act implemented by rules of an association of members of the industry, fraud or bad faith in refusing tenant a renewal lease in violation of the code and causing damage should give rise to an implied right of action, *745 since that would be consistent with the purpose of the Bent Stabilization Law and aid in its enforcement.
Accordingly, the first cause of action as well as the third cause of action, pleading an alternative theory of tenant’s being a third-party beneficiary of landlord’s agreement under the code, is legally sufficient.
The order should be affirmed, with $10 costs.
Concur — ■ Gold, J. P., Quinn and Lupiano, JJ.
Order affirmed, etc.