Linda M. McMILLAN, an Individual,
Plaintiff,

v.

E. F. HUTTON & COMPANY, INC., a
corporation, et al., Defendants.

No. C-74-944 ACW.

United States District Court,
N. D. California.

Sept. 10, 1975.

William H. Bachrach, Oakland, Cal., for plaintiff.

Peter J. Benvenutti, Dinkelspiel & Dinkelspiel, San Francisco, Cal., for defendants.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

WOLLENBERG, District Judge.

This is a "churning" case in which Plaintiff claims her stock broker bought and sold shares for her account without regard to the value of the transactions and for the purpose of generating commissions for the broker. Plaintiff moves for summary judgment on her state law claims of fraud, constructive fraud and negligence, and on her federal claim under Rule 10b–5 promulgated by the Securities and Exchange Commission pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U. S.C. § 78j. Defendants move for summary judgment on the Rule 10b–5 claim and on other federal claims asserting violations of rules of the New York Stock Exchange and of the National Association of Securities Dealers. Defendants also seek summary judgment on Plaintiff's claim for conversion.

The present record cannot support summary judgment for either party on the Rule 10b–5 claim or on the state fraud claims. In *White v. Abrams*, 495 F.2d 724 (9th Cir. 1974), the Ninth Circuit recently established a "flexible duty standard" for determining in Rule 10b–5 cases whether a duty existed between dealers in securities and whether one party breached its duty.

495 F.2d at 736. Depositions on which the parties rely to support their motions contain conflicting factual assertions concerning the nature of the relationship between Plaintiff and her broker. Whether Defendants herein owed Plaintiff a duty which could be the basis of a Rule 10b–5 violation cannot, therefore, be determined on this record. Material issues of fact remain—including the extent of Plaintiff's reliance on the expertise of her broker and the extent of the broker's disclosures to Plaintiff concerning the nature and effect of the trading being conducted in her account—and summary judgment would therefore be improper. Rule 56(c), Federal Rules of Civil Procedure.

Nor does the record justify granting Plaintiff summary judgment on her state claims of fraud, constructive fraud and negligence. Under California law, a stock broker acts as a fiduciary with regard to his customers and must deal with them according to the standards of fair dealing imposed on trustees under California Civil Code Sections 2228 et seq. *Twomey v. Mitchum, Jones & Templeton, Inc.*, 262 Cal.App.2d 690, 709, 69 Cal.Rptr. 222 (1968). Whether the duty imposed by those standards has been breached, however, raises questions of fact just as does the Rule 10b–5 claim. The depositions on file in this case contain conflicting assertions of material facts which prevent Plaintiff's claims under state law from being decided on a motion for summary judgment.

Plaintiff's claim for conversion alleges she placed money in her brokerage account and that her broker converted the money by manipulating the account in a manner not authorized by the Plaintiff. Defendants move to dismiss the claim on the ground that a cause of action for conversion is not alleged since it is conceded that the broker came into possession of the money lawfully. The rule in California, however, is that a fiduciary who lawfully obtains money from its beneficiary can convert

the money by using it for an unauthorized purpose. 14 Cal.Jur.3d (Conversion § 20) 794–95 (1974). Accordingly, Defendants' motion for summary judgment on the issue of conversion will be denied.

Finally, Defendants move for summary judgment on the claims under Rule 405 of the New York Stock Exchange and Article III, § 2 of the Rules of Fair Practice of the National Association of Securities Dealers. These are the so-called "suitability rules" providing that in trading on a client's account securities brokers must consider the client's financial condition, the nature of his other securities holdings and other relevant facts about the client to determine whether the particular transaction engaged in is suitable for the client's investment needs. Defendants claim there is no private right of action under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, for alleged violations of these rules.

[7] The leading case on the subject of implying private rights of action under these rules is *Colonial Realty Corporation v. Bache & Company*, 358 F.2d 178 (2d Cir. 1966). Judge Friendly there held that Congress did not intend that all such rules would afford a basis for private actions and that whether such actions should be implied depends upon "the nature of the particular rule and its place in the regulatory scheme". 358 F.2d at 182. A private right of action would be implied when the rule in question "play[s] an integral part in SEC regulation" and serves as another means of enforcing policies with which the Securities Exchange Act of 1934 is directly concerned. There would be no such action when the rule concerns conduct the regulation of which was exclusively delegated to the exchanges or associations for treatment as a disciplinary matter. In short, enforcement of the standards of the industry for fair dealing is a disciplinary matter within the responsibility of the exchanges and associations. When the acts challenged

rise to the level of fraud or some other conduct central to the purpose of the securities acts, then a private right of action on the rule is to be implied. *Buttrey v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 410 F.2d 135 (7th Cir. 1969).

■ As this Court pointed out in *Wells v. Blyth & Co., Inc.*, 351 F.Supp. 999 (N.D.Cal.1972), Article III, § 2 of the Rules of Fair Practice of the National Association of Securities Dealers (N.A.S.D.) was adopted pursuant to Section 15A(b)(8) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78o–3 (b)(8), and both of these provisions are intended to prevent fraudulent acts and practices in dealings between brokers and their clients. Since the complaint in the present case charges fraud on the part of Defendants, it alleges precisely the kind of conduct the Securities Exchange Act of 1934 sought to prevent, and a private right of action under the N.A.S.D. rule adopted pursuant to the Act ought therefore to be implied.

The same considerations apply to Rule 405 of the New York Stock Exchange, adopted pursuant to Sections 6 and 19 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78f and 78s. By their very terms, both of these sections of the 1934 Act are designed for the protection of investors. The protections of those portions of the Securities Act involved here are primarily directed at preventing fraudulent transactions, *Hecht v. Harris, Upham & Company*, 283 F.Supp. 417, 430 (N.D.Cal.1968), and this kind of conduct is most suitable for implying a private right of action. *Colonial Realty Corporation v. Bache & Company, supra*.

■ While waiver and estoppel may be defenses to charges of churning, those defenses involve the same unresolved questions of fact discussed above which make summary judgment on the Rule 10b–5 question inappropriate. Accordingly, Defendants' motion for summary judgment based on the defense of waiver and estoppel will be denied.