Douglas LANTZ, et al., Plaintiffs,

v.

WEDBUSH, NOBLE, COOKE, INC. and
Richard J. Rubio, Defendants.

No. A74–139 Civ.

United States District Court,
D. Alaska.

Aug. 20, 1976.

Miles S. Schlosberg, Anchorage, Alaska,
for plaintiffs.

Jerry E. Melcher, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, Alaska, for defendants.

## MEMORANDUM AND ORDER

JAMES A. VON DER HEYDT, Chief Judge.

This case comes before the Court on three motions by defendant for partial summary judgment.

This case involves alleged violations of various sections of the Securities Acts of 1933 and 1934 and rules promulgated thereunder as well as violations of state and common law. In these motions the defendants have asserted 1) that the claim for violation of Section 7 of the Securities Exchange Act of 1934 [15 U.S.C. 78g] and the regulations promulgated pursuant to that section should be denied on the basis of the defense of *in pari delicto*; 2) that the Rules and Regulations of the National Association of Securities Dealers and New York Stock Exchange rules do not give rise to an implied civil right of action; and 3) that punitive and exemplary damages are not available for alleged violations of the 1933 and 1934 Acts.

Initially the Court notes that plaintiffs have submitted a Motion to Amend the Complaint upon which there has been no ruling. As review of the original complaint and the proposed amended complaint, however, indicates that the allegations involved in these motions will not be changed significantly should the Motion to Amend be granted.

*In Pari Delicto*

■ Defendants' assertion that plaintiffs are *in pari delicto* in the violation of Section 7 and the rules promulgated thereunder and that this claim is therefore barred, is not well taken at this time. Defendants are quite correct in their general assertion that a defense of *in pari delicto* is a valid defense in a private action for violation of the Securities Exchange Act of 1934. *Woolf v. S. D. Cohn & Company*, 515 F.2d 591, 601–3 (5th Cir. 1975) Appeal pending U.S.Sup.Ct.; *James v. DuBreiul*, 500 F.2d 155 (5th Cir.

1974); *Kuenhart v. Texstar Corp.*, 412 F.2d 700 (5th Cir. 1969). See also *Bell v. J. D. Winer & Co.*, 392 F.Supp. 646, 654 (S.D.N.Y. 1975).

In relation to this particular violation the case of *Pearlstein v. Scudder and German*, 429 F.2d 1136 (2d Cir. 1970), cert. denied, 401 U.S. 1013, 91 S.Ct. 1250, 28 L.Ed.2d 550 (1971) initially placed the burden of complying with the margin requirement of section 7 upon the broker. 429 F.2d at 1141. Subsequent to *Pearlstein* Congress passed Section 7(f) [15 U.S.C. 78g(f)] and the Federal Reserve Board promulgated Regulation X (12 C.F.R. 224). The thrust of these changes was to place the responsibility for observing margin requirements with the investor as well as the broker. *Bell v. J. D. Winer & Co.*, 392 F.Supp. 646, 653 (S.D.N.Y. 1975). This position has been acknowledged by the same court which first decided *Pearlstein* in a subsequent opinion in the same case. *See Pearlstein v. Scudder & German*, 527 F.2d 1141, 1145 n.3 (2d Cir. 1975).

■ The Court in *Bell v. J. D. Winer*, supra, commented that while the passage of Section 7(f) was probably not specifically intended to restore the *in pari delicto* defense which the first *Pearlstein* case undermined, it must be interpreted as having that effect to some extent. This Court agrees with that proposition and finds that the defense of *in pari delicto* may be asserted for a violation of Section 7 and Regulation T.

■ In order adequately to assert the defense it is necessary for the defendant to show that the fault of the parties is "clearly mutual, simultaneous, and relatively equal." *James v. DuBreiul*, 500 F.2d 155, 160 (5th Cir. 1974). In the present case plaintiffs have alleged several bases for a violation of Section 7 and Regulation T. They have alleged that defendants were at fault in accepting a check to cover the margin requirements that both parties knew was drawn on an account containing insufficient funds. In their response to the motion for summary judgment they also alleged that defendants violated the Section by applying

for extensions of time to receive the margin requirements, without the "exceptional circumstances" required by 12 C.F.R. 220.3(f).

In support of their defense of *in pari delicto* on these allegations defendants contend that plaintiffs' knowing use of a N.S.F. check to cover the margin requirements should bar their claim. This assertion must fail for several reasons. First, it should be noted that defendants have not met the allegations that they acted alone and without plaintiff's knowledge in seeking the extensions. Second, plaintiff's affidavits state that plaintiff was not aware of the margin requirement nor the necessity of using a check backed by sufficient funds to cover the margin account. Plaintiff further alleges that defendant actively misled plaintiff regarding this requirement. Therefore, it cannot be said as a matter of law that plaintiffs' guilt was clearly mutual, simultaneous and relatively equal," *James v. DuBreiul,* 500 F.2d 155, 160 (5th Cir. 1974), and defendants' motion must therefore fail. *Underwater Storage, Inc. v. U. S. Rubber Co.,* 125 U.S.App.D.C. 297, 371 F.2d 950, 953 (1966), cert. denied, 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967).

*Rules and Regulations*

Defendants' second motion is based upon the theory that the Rules and Regulations of the National Association of Security Dealers and New York Stock Exchange rules do not give rise to an implied civil right of action. In response plaintiffs assert that they are not asserting any implied civil right of action based upon a violation of these rules and that even if they were such a cause of action might be cognizable depending upon which rule was allegedly being violated.

■ Plaintiffs are correct in their belief that there is not an all or nothing rule regarding whether violation of one of these rules can give rise to an implied civil cause of action. Whether such an implied cause of action can be asserted depends upon what rule has allegedly been violated. *VanGemert v. Boeing Co.,* 520 F.2d 1373, 1381 (2d Cir. 1975). Since it does not appear that an implied cause of action is being asserted based on such rules, however, this Court need not determine whether the rules allegedly violated give rise to such a cause of action.

Defendants maintain, however, that plaintiffs intend on introducing evidence of a violation of these rules at trial as evidence of negligence. Defendants further maintain that negligence will not support claims for violations of federal securities law. This question is probably more appropriately reserved until trial as an objection to the proffered evidence, however, some remarks at this stage may be helpful to the parties. Plaintiffs' answer to the interrogatory which indicated they intended to use the rules as evidence of negligence quite clearly states that this evidence will relate to their Seventh Claim for Relief. The Seventh Claim for Relief is based upon a breach of fiduciary duty not a violation of securities law, and evidence of negligence can quite properly be introduced. These rules and regulations are admissible as such evidence. *Mercury Investment Co. v. A. G. Edwards & Sons,* 295 F.Supp. 1160, 1163 (S.D.Tex. 1969)

*Punitive Damages*

■ Defendants' final motion is directed toward the request for punitive and exemplary damages. Defendants maintain that such damages cannot be obtained in an action for violation of the Securities Acts. Defendants cite several cases for this proposition. *See, e. g. Globus v. Law Research Service, Inc.,* 418 F.2d 1276 (2d Cir. 1969) (1933 Act); *Green v. Wolf Corp.* 406 F.2d 291 (2d Cir. 1968) (1934 Act). Plaintiffs' response to this motion is that the claims for punitive damages were alleged in their common law counts and not under the Securities Acts. Plaintiffs are correct in this matter and therefore, this motion is not well taken.

IT IS THEREFORE ORDERED THAT

1) Defendants' Motions for Partial Summary Judgment filed on April 23, 1976, and May 3, 1976, are denied.