WATLING, LERCHEN & CO., INC. v ORMOND (AFTER REMAND)

Docket No. 77-1017. Submitted March 9, 1978, at Detroit.—Decided
    October 3, 1978.

    Watling, Lerchen & Co., Inc., filed a complaint in circuit court
    alleging that Dennis C. Ormond owed plaintiff $15,270 for stock
    which it purchased for Ormond on account. Ormond alleged in
    a counterclaim that he was injured through the mishandling of
    the transaction. The court determined that it lacked subject
    matter jurisdiction over the counterclaim and granted the
    plaintiff's motion for accelerated judgment. Ormond moved for
    leave to file an amended counterclaim. He alleged that the
    plaintiff, as a member of the New York Stock Exchange, was
    subject to the exchange rules, that plaintiff should have known
    that Ormond might be required to file certain documents with
    the Securities and Exchange Commission, and that the plaintiff
    failed in its duty to properly advise him and that as a result he
    had suffered loss. The Oakland Circuit Court, Farrell E. Rob-
    erts, J., denied the motion to amend. Ormond appealed, and the
    Court of Appeals remanded in an unpublished per curiam
    opinion, instructing the trial court to set forth its reasons for
    denial of the motion to amend. The trial court did so, and in its
    opinion reasoned that amendment would be futile because the
    amended counterclaim dealt with matters which were within
    the exclusive jurisdiction of the Federal courts. *Held:*

        The Federal law under the Securities Exchange Act is di-
    rected at fraud. The breach of duty alleged by the defendant,
    the violation of rules of the stock exchange, is an act of
    negligence. The Federal courts do not, therefore, have exclusive
    jurisdiction over the subject matter of defendant's counter-
    claim, and the motion to amend should have been granted.

        Reversed and remanded.

1. SECURITIES REGULATION—STOCK EXCHANGE RULES—JURISDICTION—
    NATURE OF RULES.
    A court, when faced with a decision of whether a violation of a

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 69 Am Jur 2d, Securities Regulation—Federal §§ 537-566.

[2] 69 Am Jur 2d, Securities Regulation—Federal § 460 *et seq.*

[3] 69 Am Jur 2d, Securities Regulation—Federal § 546.

stock exchange rule is actionable under Federal law, must look to the nature of the particular rule and its place in the regulatory scheme, with the party urging the implication of a Federal liability carrying a considerably heavier burden of persuasion than when the violation is of a Federal statute or of a Security and Exchange Commission regulation.

2. Securities Regulation—Stock Exchange Rules—Due Diligence —Fraud—Negligence—Federal Law.

Violation of a stock exchange rule requiring members of the exchange to use due diligence to learn the essential facts relative to every customer and order is not per se actionable under Federal law; the Federal law is directed to fraud, not mere negligence, therefore, the facts involved in the rule violation must minimally be tantamount to fraud in order to state a Federal cause of action.

3. Securities Regulation—Courts—Jurisdiction—Negligence.

A defendant's counterclaim against a stockbroker which alleges negligence in a stock transaction is not subject to exclusive jurisdiction of the Federal courts; therefore, a circuit court's grant of the plaintiff's motion for accelerated judgment on the counterclaim and denial of defendant's motion to amend the counterclaim, for lack of jurisdiction over the claim was erroneous.

*Dickinson, Wright, McKean, Cudlip & Moon* (by *J. Bryan Williams* and *Shelley D. Roberts),* for plaintiff.

*Bodman, Longley, Bogle & Dahling* (by *Richard D. Rohr* and *James J. Walsh),* for defendant.

Before: R. B. Burns, P.J., and Bronson and D. F. Walsh, JJ.

AFTER REMAND

R. B. BURNS, P.J. Plaintiff filed a complaint in circuit court alleging that it had purchased 1000 shares of American Agronomics Corporation stock on account for defendant, and was owed $15,270 for the stock. Defendant answered, and counterclaimed, alleging he was injured through plaintiff's mishandling of the transaction. The trial court granted plaintiff's motion for accelerated judgment on the counterclaim, upon determining that it lacked subject matter jurisdiction over the claim.

Defendant moved for leave to file an amended counterclaim. In the amended counterclaim defendant alleges that he was without knowledge of the law and rules regarding purchase of securities, and that plaintiff's agents had alleged that they had expertise in the purchase of securities and related matters. Defendant further alleges that plaintiff was a member of the New York Stock Exchange and American Stock Exchange, and subject to exchange rules that it know the essential facts about each customer and order; that plaintiff knew or should have known that defendant's sister and brother-in-law were major stockholders in American Agronomics Corporation, and as a consequence defendant might be required to file a schedule 13-D with the Securities and Exchange Commission in connection with the purchase, and be restricted in reselling the stock. Defendant alleges that plaintiff had a duty to advise defendant of the legal ramifications of the purchase, to file a schedule 13-D, or to consult with an attorney; failed to so advise; and as a result, defendant has been sued by the Securities and Exchange Commission and various other parties, has been enjoined from sell-

ing his stock as it has declined in value, and has been subjected to adverse publicity.

Defendant's motion for leave to file an amended counterclaim was denied by the trial court. Defendant appealed, and this Court remanded to the trial court with instructions to set forth the reasons for the denial of defendant's motion. *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 656–657; 213 NW2d 134, 137 (1973). The trial court filed an opinion explaining that it had denied the motion because the amended counterclaim was legally insufficient on its face, and amendment would, therefore, be futile. *Ben P Fyke & Sons v Gunter Co, supra.* The trial court reasoned that the duty alleged to have been breached by plaintiff derives from exchange rules rather than common law, and therefore exclusive jurisdiction over the claim resides in Federal courts. 15 USC 78aa. We reverse.

15 USC 78aa provides in part that,

"[t]he district courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder".

However,

"[t]he rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity * * * ". 15 USC 78bb.

Thus, if the duty alleged to have been violated by plaintiff was created by the Securities Exchange Act of 1934 or "the rules and regulations thereun-

der", and does not exist "at law or in equity", the Federal courts have exclusive jurisdiction.

"This is not meant to suggest that it was the intent of Congress, in enacting the statute in question, to pre-empt common-law rights which might have been fully adjudicated and enforced in a State court before the act was passed. A more likely construction of the statute is that it confers exclusive jurisdiction on Federal courts to entertain only those actions which involve some right of recovery which goes beyond such common-law rights. * * * Both State and Federal courts recognize that a common-law action giving rise to a private civil remedy enforcible in the State courts may arise out of violations of the provisions of the act * * * ." *Mc-Collum v Billings,* 53 Misc 2d 661, 664–665; 279 NYS2d 609, 614 (Sup Ct, 1967). (Citation omitted.)

"[R]ules and regulations thereunder", 15 USC 78aa, refers to Securities and Exchange Commission rules, not stock exchange rules. *Starkman v Seroussi,* 377 F Supp 518, 523 (SD NY, 1974). However, stock exchange rules are promulgated as a condition of registration, 15 USC 78f(d), and may amount to a substitute for regulation by the Securities and Exchange Commission. *Colonial Realty Corp v Bache & Co,* 358 F2d 178, 182 (CA 2, 1966), *cert den,* 385 US 817; 87 S Ct 40; 17 L Ed 2d 56 (1966), *Starkman v Seroussi, supra.* Depending upon the rule and the circumstances, a violation of an exchange rule may be actionable as a violation of a "duty created by this chapter", 15 USC 78aa. *Starkman v Seroussi, supra.*

In determining whether violation of a stock exchange rule is actionable under Federal law,

"the court must look to the nature of the particular rule and its place in the regulatory scheme, with the party urging the implication of a federal liability carrying a considerably heavier burden of persuasion than

when the violation is of the statute or an SEC regulation. The case for implication would be strongest when the rule imposes an explicit duty unknown to the common law." *Colonial Realty Corp v Bache & Co, supra,* 182.

In part this reluctance to find per se Federal liability for violation of exchange rules is due to the unlikelihood that Congress intended to create a new body of Federal broker-customer law, thereby stripping state courts of the power to adjudicate claims between brokers and customers. *Colonial Realty Corp, supra* at 183.

The exchange rules relied upon by defendant in his counterclaim require members of the exchanges to use due diligence to learn the essential facts relative to every customer and order. New York Exchange Rule 405, American Stock Exchange Rule 411. Although Federal courts are split on the issue of whether violation of Rule 405, and by implication Rule 411, may ever state a cause of action, compare *Buttrey v Merrill Lynch, Pierce, Fenner & Smith, Inc,* 410 F2d 135, 142–145 (CA 7, 1969), *cert den,* 396 US 838; 90 S Ct 98; 24 L Ed 2d 88 (1969), with *Nelson v Hench,* 428 F Supp 411, 417–420 (D Minn, 1977), it is clear that violations of Rule 405 are not per se actionable. Rather, because the Securities Exchange Act is directed to fraud, not mere negligence, the facts involved in the rule violation must minimally be "tantamount to fraud" to state a Federal cause of action. See *Buttrey, supra* at 143, *Wells v Blythe & Co, Inc,* 351 F Supp 999 (ND Cal, 1972), *Hecht v Harris, Upham & Co,* 283 F Supp 417, 430 (ND Cal, 1968), *aff'd as modified,* 430 F2d 1202 (CA 9, 1970).

Defendant's counterclaim alleges negligence, not fraud. As a consequence, Federal courts do not have exclusive jurisdiction over the counterclaim.

Plaintiff argues that the counterclaim fails to state a cause of action under state law, first, because there are no prior cases stating that a broker owes its customers a duty to advise of legal complications involved in a stock transaction, and second, such a duty would amount to a requirement that it engage in the unauthorized practice of law.

" 'The court should be especially reluctant to dismiss on the basis of the pleadings when the asserted theory of liability is novel or extreme, since it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions.' " *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 430; 202 NW2d 577, 580 (1972), quoting 5 Wright & Miller, Federal Practice & Procedure, § 1357, p 603.

The absence of prior reported cases on broker negligence certainly does not mean brokers are under no duty to their customers to refrain from careless infliction of injury. Rather, plaintiff's objection that it is under no duty to warn about the legal implications of a purchase, to file a schedule 13-D, or consult an attorney really goes to the issue of specific standard of care, not duty, and is properly a question for a jury. *Moning v Alfono,* 400 Mich 425; 254 NW2d 759 (1977). We need not discuss at this point the extent of advice regarding legal complications about which a broker might be required to give a client in light of the unauthorized practice statute, MCL 600.916; MSA 27A.916, since defendant has alleged that plaintiff failed to advise him to consult an attorney, which would clearly not be unauthorized practice.

Reversed and remanded.