CIRCUIT COURT OF THE CITY OF RICHMOND

Arlene E. Szego

v.

Craigie Inc.

May 20, 1980

Case No. LC-904

By JUDGE WILLARD I. WALKER

This matter is before the court on defendant's motion to dismiss. The facts are not in dispute.

The defendant, Craigie Incorporated, is a corporation which provides services as a broker-dealer in securities. The plaintiff, Mrs. Arlene E. Szego, an individual customer, executed a power of attorney in early 1975 authorizing defendant to trade in options and other securities for her on a "discretionary account" basis. In February, 1976, the plaintiff signed a "Customer Options Agreement" which provided for arbitration of disputes:

> Any controversy arising out of or relating to the undersigned's account or accounts, to transactions with or for the undersigned, or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association or any exchange on which the transaction in question has been effected, as the undersigned may elect.

The plaintiff's account was handled until October 9, 1978, by a single employee

of the defendant. On that date, defendant terminated this employee's relationship with the corporation. Plaintiff's account at that time included 3,000 IBM "calls," or options, for which she had paid $20,000. Although these options reached a value of $40,000, the defendant took no action to sell or exercise the options. On October 20, 1978, the options expired and became worthless.

Plaintiff thereafter filed a motion for judgment, framed in four counts, seeking actual and punitive damages for each count. Counts I and II alleged negligence and intentional misconduct with respect to the account. Count III alleged that the defendant failed to comply with rules established by the National Association of Securities Dealers (NASD), of which the defendant is a member. Count IV stated a cause of action for breach of contract. The defendant moved to dismiss all four counts, arguing that the allegations described controversies subject to arbitration.

In a bench ruling on August 29, 1979, I held that the arbitration agreement between Arlene E. Szego and Craigie Incorporated was controlling and that their entire dispute must be arbitrated. Counsel for the plaintiff subsequently raised the issue of whether Count III of the motion for judgment alleged a private cause of action for a violation of NASD rules and, if so, whether such a violation would be precluded from arbitration. The court now rules that no private cause of action exists for a violation of NASD rules under Virginia law and, even if it did exist as a common law cause of action, it would not be excluded from arbitration under Virginia's arbitration statute, Va. Code Ann. § 8.01-577 (Repl. Vol. 1977).

Under Virginia law, no private cause of action exists for a violation of NASD rules. The federal courts are split as to the existence of an implied private cause of action for violations of privately promulgated standards. Compare Rolf v. Blyth, Eastman, Dillon & Co., 424 F. Supp. 1021 (S.D.N.Y. 1977), modified as to damages, 570 F.2d 38 (2d Cir.), cert. denied, 439 U.S. 1039 (1978) with Jablon v. Dean Witter

& Co., [1980] Fed. Sec. L. Rep. (CCH) ¶ 97,296 (9th Cir. Feb. 29, 1980), and Parsons v. Hornblower & Weeks-Hemphill, Noyes, 447 F. Supp. 482 (M.D.N.C. 1977), aff'd. 571 F.2d 203 (4th Cir. 1978) (per curiam). However, were this court to find a private cause of action to be implied under the Securities Exchange Act of 1934, the case would properly belong in the federal courts. "The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder . . . ." 15 U.S.C. § 78aa (1971). Count III must, therefore, be dismissed as within the sole purview of the federal courts unless it states a common law action.

The Securities Exchange Act, while granting exclusive jurisdiction of statutory causes of actions to the federal courts, does specifically preserve common law action:

> The rights and remedies provided by this chapter shall be in addition to any and all other rights and remedies that may exist at law or in equity . . . .

15 U.S.C. § 78bb (1971). However, even if a common law cause of action were deemed to exist based on a negligence theory that NASD regulations create a duty of care [see Watling, Lerchen & Co. v. Ormond, 86 Mich. App. 238, 272 N.W.2d 614 (1978)], plaintiff's Count III would still have to be dismissed, as it is arbitrable under Va. Code Ann. § 8.01-577 (Repl. Vol. 1977). Although plaintiff argues that certain federal cases hold that agreements to arbitrate violations of federal securities statutes are void and unenforceable, see Wilko v. Swan, 346 U.S. 427 (1953), no state court has yet applied Wilko to a common law action. Accord, Wheeler v. Boettcher, 529 P.2d 1322 (Colo. App. 1975).

In the instant case, to void the arbitration agreement, this court would have to choose to extend Wilko to common law actions. Such a holding would seem to conflict directly with § 8.01-577 which provides

that arbitration agreements are enforceable and "binding as any other agreement."  Thus, the only basis for ignoring the arbitration agreement would appear to be fraud, mistake, or other grounds for rescinding a contract. As a common law cause of action, Count III would stand on equal footing with the other common law counts stated in the motion for judgment and is, therefore, also dismissed.